KAUFFMAN AND RUNGE v. M. L. SHELLWORTH ET AL.

(Case No. 5556.)

1. AFFIDAVIT — EVIDENCE — CERTIFIED COPY.— An affidavit made by a party's attorney, stating "that he (the attorney) cannot procure the original deed, and that he has tried and done all he could to procure it," does not account for the absence of the original instrument sufficiently to warrant the admission of a certified copy. The affidavit should have excluded the supposition that the party himself had it within his power to procure the original. Following Butler v. Dunagan, 19 Tex., 566.
2. SUPERIOR TITLE.— An outstanding valid title in a third party, through whom defendant claims title, of which plaintiff had notice, constitutes a complete defense to plaintiff's action of trespass to try title, whether defendant has acquired that title or not.

APPEAL from Taylor. Tried below before the Hon. T. B. Wheeler. The opinion sets forth the case.

Chas. I. Evans, for appellants, on the introduction of the certified copy, cited: Revised Civil Stats., art. 2257; Hart. Dig., art. 745;

Crayton *v.* Munger, 11 Tex., 234; Peck *v.* Clark, 18 Tex., 239; Butler *v.* Dunagan, 19 Tex., 559; Hooper *v.* Hall, 30 Tex., 154.

*Spoouts & Legett,* for appellees, on the sufficiency of the affidavit, cited: Hurlock *v.* McLain, 1 Tex. Law Rev., 47; Hurley *v.* Barnard, 48 Tex., 83.

On purchaser for value, they cited: Ayres *v.* Duprey, 27 Tex., 594; Farley *v.* McAlister, 39 id., 602; McKamey *v.* Thorp, 61 id., 648.

STAYTON, ASSOCIATE JUSTICE.— Both parties claim the property in controversy through J. C. Camp.

The appellants claim through a judgment rendered in their favor against a firm of which Camp was a member.

In the cause in which that judgment was rendered an attachment was levied on the property, January 4, 1883, which was subsequently foreclosed and the property bought by the appellants at sale regularly made under the judgment.

The defendant claims through the following deeds:

1st. Deed from J. C. Camp to Sorrell, dated September 25, 1882, recorded January 6, 1883.

2d. Deed from Sorrell to W. C. Chatham, dated January 1, 1883, recorded January 6, 1883.

3d. Deed from Chatham to Carpenter, dated June 26, 1883, filed for record same day.

4th. Deed from Carpenter to defendant, dated September 27, 1883, filed for record September 28, 1883.

The defendant offered in evidence all the original deeds above mentioned except the deed from Carpenter to himself, and of this a certified copy was offered, which was objected to on the ground, among others, that the non-production of the original was not sufficiently accounted for by the affidavit made and filed by the attorney of the defendant.

The affidavit made by the attorney, after describing the deed, states: "That he cannot procure the original, and that he has tried and done all he could to procure it, and said deed describes the land sued for in this case."

This affidavit made by the agent was manifestly insufficient. Butler *v.* Dunagan, 19 Tex., 566.

It is true that during the progress of a civil action, if it becomes necessary to make an affidavit, it may be made by a party, his agent or attorney (R. S., 5); but in matters of this kind "The affi-

davit, if made by any person other than a party to the suit, should exclude the supposition that the party has it in his power to procure the original, which this affidavit does not. It simply states that he, the agent, cannot procure the original. It does not follow that the party could not." Butler *v.* Dunagan, *supra.*

The judge who tried the cause found that at the time the attachment, through which the appellants claim, was levied, Chatham was in possession of the property, claiming it under the deed made to him by Sorrell.

The evidence justified that finding, and this fact existing, constituted notice of his title to the property at the time the attachment was levied.

There was, then, an outstanding valid title in Chatham, through whom the defendant claims the property, of which appellants had notice at the time their attachment was levied; and this constitutes a complete defense to the plaintiffs' action, whether the defendant has acquired that title or not; hence, the erroneous ruling of the court, in reference to the admission of the certified copy of the deed to the defendant, is of no importance; for the result of the suit, as to the plaintiffs, would have been the same had the court excluded the certified copy. The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 19, 1885.]