L. L. KEY ET AL. v. J. W. LA PICE ET AL.

No. 286.

88  209
90  244

**1. Bona Fide Purchaser—Payment.**

In 1892, Brooks, by general warranty deed, conveyed the land in controversy to Flannikin, who had no notice of an older unrecorded deed from Brooks to Steele, made in 1835, for same land. In a litigation between claimants under the two deeds, Flannikin, in March, 1893, testified, that Brooks had sold the land to Hood, witness' uncle, and that Hood had sold it to witness, and had Brooks to make deed to him; that on or about the date of the deed witness had paid Hood the purchase consideration in money and labor. *Held*, these facts showed Flannikin to have been a bona fide purchaser.... 211

**2. Same—Registration Laws.**

The equity of the bona fide purchaser is made by the statutes of registration a legal right. It grows out of the fact that he has parted with a valuable consideration for the land, without notice of the prior grant. He is protected, because the first grantee, through neglect, put him in a position to be defrauded............................................................... 212

**3. Payment of Consideration.**

Flannikin's payment to Hood, whereby he obtained the deed from Brooks, was as effectual as if paid direct to Brooks.............................. 212

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Hill County.

The opinion gives a statement of the case.

*S. C. Upshaw, McKinnon & Carleton,* and *Coleman & Ross,* for plaintiffs in error.—Flannikin contracted with Hood for the land, and Hood procured the execution of the deed directly from Brooks to Flannikin, upon an express consideration. Such being the fact, the payment of the purchase money by Flannikin to Hood is sufficient; because, as between Hood and Brooks, the execution of the deed by Brooks to Flannikin at Hood's instance, and the said deed placed in Hood's possession to be delivered to Flannikin, is sufficient evidence that Brooks either received the consideration for the land from Hood, as agreed upon between them, or that Hood was the agent of Brooks to sell the land and collect the consideration. Whatever may have been the understanding between Brooks and Hood as to the sale of the land to Flannikin, when Brooks executed the deed directly to Flannikin upon Hood's representations, and Flannikin paid the purchase price to Hood according to contract in consideration for Brooks' deed, Brooks thereby became forever estopped to claim from Flannikin any other consideration than that which he had already paid to Hood. Rev. Stats., arts. 4332, 4333; Link v. Page, 72 Texas, 592; Hussey v. Moser, 70 Texas, 42; Davis v. Gray, 61 Texas, 506; Steffian v. Banks, 69 Texas, 513; Sanger Bros. v. Moody, 60 Texas, 96; Potter v. Gardner, 12 Wheat. (U. S.), 500.

*Coleman & Ross,* for plaintiffs in error, filed an argument.

Vol. LXXXVIII Sup.—14.

*Tarlton & Morrow*, for defendants in error.—1. In order for Flannikin to be an innocent purchaser, he must show that he purchased the entire title, legal and equitable, and paid therefor a valuable consideration, without notice of the prior conveyance, or of any fact putting him on inquiry, which would give notice. Vattier v. Miller, 7 Pet. (U. S.), 252; York v. McNutt, 16 Texas, 13; Whitsett v. Miller, 1 U. C., 213; Fletcher v. Ellison, 1 N. C., 661; Boon v. Childs, 10 Pet. (U. S.), 177; Moorehead v. Horner, 30 W. Va., 548; Waites v. Cooper, 24 Miss., 208; Lorrowe v. Beame, 10 Ohio, 498; Sweatman v. Edmonds, 28 S. C., 58; Sondley v. Caldwell, 28 S. C., 583; Butler v. Douglass, 3 Fed. Rep., 612.

2. The transaction between J. A. Hood and William Brooks, whereby Brooks, at the instance of Hood, conveyed the land in controversy to Flannikin, without the knowledge or consent of the latter, had the effect to separate the legal from the equitable title, and to vest the legal title in Flannikin and the equitable title in Hood, provided he was a bona fide purchaser without notice, and at most Flannikin became the naked trustee of the legal title, without any interest in the land. 1 Pom. Eq., sec. 153; Green v. Givan, 33 N. Y., 343; Spence Eq. Jur., 495–497.

3. The title thus acquired by Hood was not superior to that of William H. Steele, to whom Brooks had previously conveyed the land, unless it was shown that J. A. Hood bought the land from William Brooks and paid a valuable consideration for it, without knowledge of the prior conveyance to William H. Steele. York v. McNutt, 16 Texas, 13; Canal Co. v. Young, 30 Am. Dec., 212; Chew v. Barnett, 12 Serg. & R., 380; 2 Watts, 459.

GAINES, CHIEF JUSTICE.—This was an action of trespass to try title, brought by the defendants in error against the plaintiffs in error. There was a judgment for the defendants in the court below, but upon appeal to the Court of Civil Appeals this judgment was reversed and there rendered for the plaintiffs in the trial court, the defendants in this court.

Both parties claim the land under one William Brooks, the original grantee. The plaintiffs below were shown to have the title of one William H. Steele, to whom Brooks conveyed the land on the 20th day of October, 1835. The deed from Brooks to Steele was not recorded until the 14th day of January, 1849.

On the 3rd day of June, 1842, William Brooks, by a general warranty deed, conveyed the land a second time. Robert H. Flannikin was the grantee in that conveyance. The defendants below claim under Flannikin by a regular chain of title.

The defense was, that Flannikin was a bona fide purchaser of the land for a valuable consideration, without notice of the prior unrecorded deed. The only testimony upon the question was that of Flannikin himself. Both the trial court and the Court of Civil Appeals

held, that the evidence showed that he had no notice. As to the payment of the consideration, his testimony was as follows:

"I am 73 years old, and lived in Texas fifty-two years. I do not know where the deed from William Brooks to me is. I gave it to my attorney, J. D. Giddings, to be used in a suit in reference to the William Brooks land. J. A. Hood bought the land described in said deed from William Brooks. I did not know what the real consideration was which he paid Brooks. The deed was made to me. J. A. Hood was my uncle, and he was in feeble health. It was agreed that I should take the title to the league of land in consideration of services which I should render to J. A. Hood and James J. Jenkins, who were to go into the mercantile business, and intended to use land in the purchase of goods, and for money which I should expend in paying travelling expenses, and getting up evidence as to the validity of the titles to this and other tracts of land which were intended to be used in the purchase of goods. I paid the consideration as agreed to. That is, I paid a good deal of money in travelling and paying fees of record, and expended considerable money and time in attending to this and other business for my uncle. The consideration as aforesaid was paid about the time of the execution of the deed. The time occupied in said work I can not now recollect. It covered a large territory of country, and required a number of trips. Besides the above services, I furnished Hood money as a part of the consideration, but can not recollect now the exact amount, about the time of making this deed. I asserted title to this land when I put my deed on record. At the time I took said deed I had no knowledge that William Brooks had prior to that time conveyed said land to any other person. I believed that I was getting a good title to the land. I went to the county seat of Robertson County and obtained a certificate from the county clerk that there was no conflicting deed on record, and from the district clerk that there was no judgment against William Brooks. I also obtained a translation of the original Spanish grant to William Brooks. J. A. Hood is dead. I do not know about William Rollerson; have not heard of him in fifty years; he was a son-in-law of William Brooks. I have no personal knowledge of the execution of said deed. I do not know, but I heard William Brooks was dead. I have already stated what I know about said deed in the sixth part of interrogatory 2. * * * I rendered the services aforesaid, and paid the money aforesaid on the faith of the deed. * * * Hood bought the land and had the deed made to me, as before stated."

Upon this proof, the trial judge before whom the case was tried without a jury, found as a matter of fact and of law, that Flannikin was an innocent purchaser for value. The Court of Civil Appeals, however, held, as we understand their opinion, that facts proved do not warrant the legal conclusion.

We are of the opinion, that the trial judge was correct in his ruling. The equity of the purchaser is made by the statutes of registration a

legal right, and grows out of the fact that he has parted with a valuable consideration for the land, without notice of the prior grant. He is protected, because the first grantee, through neglect, has put him in a position to be defrauded. The common grantor, after he has once parted with his title, has no right which is entitled to be considered. It is a matter of no moment whether he has received any benefit from the consideration to be paid. He may direct the grantee in the second conveyance to pay it to a third person; and if the conveyance be made and the direction be complied with, we see no reason why his grantee is not entitled to be protected as fully as he would have been had the payment been made directly to the grantor himself. His position is the same; if not permitted to hold the land, his loss would be the same in either case. It is the rule in this State, that if the grantee of land give a note to a third person for the purchase money, the holder of the note has a lien upon the land for its payment. Pinchain v. Collard, 13 Texas, 333. Should he pay the note, without notice of a prior unrecorded deed, why should he not be protected? We do not see any good reason why he is not entitled to protection; nor do we see any substantial difference between his position and that of Flannikin in the case before us. Flannikin testified, that Brooks had sold the land to Hood, and that Hood procured the deed to be made directly to him. The necessary inference is, that Brooks authorized the consideration, which Flannikin was to pay, to be paid to Hood. The payment to Hood in money and services was the consideration which Flannikin was to give for the land. The circumstances warrant the conclusion, that this was the understanding with Brooks. Flannikin performed his contract by rendering the services and paying money as promised; and hence we fail to see how it can be said he did not pay the consideration for the land.

The case of Mitchell v. Puckett, 23 Texas, 573, is not in point. There, an agent of the parties who claimed to be innocent purchasers testified, that they gave him a negro woman to get the transfers, but did not testify that he paid anything therefor. The court there held, that there was no proof of the payment of the consideration. The consideration which the grantees paid their agent to procure the deed had no connection with the consideration, if any, which induced the grantors to make that conveyance. The negro was not given for the land, but for the services of the agent in procuring the title to land.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*