J. W. LA PICE ET AL. v. J. M. CADDENHEAD ET AL.

Decided May 6, 1899.

**1.  Trespass to Try Title—Outstanding Title a Defense.**

In trespass to try title defendant may defeat a recovery by showing a valid out-standing title to the land superior to that of plaintiff.

**2.  Deed—Description of Land.**

The description of land in a deed as being "a certain tract in H. County, beginning at the S. E. corner of the league granted to me by the State, situated on the river Brazos, following the meanderings of said river for 100 acres, and going back for quantity to include 200 acres," is too indefinite, the land claimed thereunder being in the southwest corner of the league.

**3.  Practice—Evidence—Harmless Error.**

The improper admission of evidence in a case tried by the court is not reversible error where there is nothing in the record to show that the court was influenced thereby in its judgment.

**4.  Innocent Purchaser Acquires a Legal Title.**

A bona fide purchaser of land who buys without notice of a prior unrecorded deed acquires the legal and not merely an equitable title, since the registration statute declares the prior deed void as to him. Rev. Stats., art. 4640.

ERROR from Hill. Tried below before Hon. J. M. HALL.

*Tarlton & Morrow,* for plaintiffs in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by J. W. La Pice and husband against F. M. Cadden-head and others, in the District Court of Hill County, February 3, 1893. The suit was tried by the court without a jury on November 12, 1897, and a judgment rendered against J. W. La Pice and husband. Application for writ of error was made August 20, 1898.

Plaintiffs deraigned title as follows: (1) A Spanish grant for a league of land to William Brooks, dated June 12, 1835. The land in dispute is a part of this grant, and is located in Hill County, Texas. (2) On October 28, 1835, William Brooks deeded the lower half of the survey to William Steel. Steel's deed was not recorded until 1849. (3) Steel conveyed the same land to Wm. H. Fletcher in 1850, and Fletcher con-veyed it to Matthew Watson. The plaintiff is the daughter of Matthew Watson, who claims title as his heir.

Defendants deraign title as follows: (1) A grant to William Brooks, the same as introduced by plaintiff. (2) Deed from William Brooks, dated June 3, 1842, to Robt. H. Flanniken to the entire grant, which deed was duly recorded in February, 1844. (3) A patent from the State of Texas to J. G. Pitts, dated February 9, 1846, conveying the same land described in the grant to Brooks. (4) A decree of the District Court of Washington County rendered in a suit involving the question as to which of the two grants covering the land in controversy was valid. The de-cree canceled the Pitts patent to the league survey and held the Brooks grant valid. The decree set apart to J. G. Pitts lot No. 1, of 270 acres,

embracing the 200 acres in controversy. (5) A lease from John G. Pitts to W. E. Anderson, dated December 21, 1869, conveying the land in controversy for a term of three years. (6) A deed from John G. Pitts to Daniel M. Ford, without date, filed for record in Hill County, June 9, 1875, conveying the following land: A certain tract of land in Hill County designated as follows: "Beginning at the S. E. corner of the league granted me by the Governor of Texas, situated on the River Brazos, following the meanderings of said river for 100 acres, and going back for quantity, which said tract or moiety of land shall include 200 acres."

The defendants are tenants holding under the heirs of D. M. Ford.

The trial court filed its conclusions of fact and law, in which it found that R. H. Flanniken was an innocent purchaser of the William Brooks league under his deed dated June 3, 1842, having paid a valuable consideration therefor, without notice of the deed from William Brooks to William Steele for the lower half of said league, dated October 28, 1835.

The appellant challenges the correctness of this finding as not being supported by the evidence. As we view the evidence, it is substantially the same as that passed upon by the Supreme Court in Key v. La Pice, 88 Texas, 209. The court in that case held the facts sufficient to show that Flanniken was an innocent purchaser for value. Counsel for appellant seek to distinguish between the facts in that case and the facts in this. We do not think there is any material difference. We therefore adopt the above conclusion of fact found by the trial court.

The trial court found as a conclusion of law that defendants, having shown a superior outstanding title in R. H. Flanniken, are entitled to a judgment.

It is a good defense to a suit of trespass to try title for the defendants to show a valid outstanding title to the land sued for, superior to that of the plaintiff in the suit. Adams v. House, 61 Texas, 640; Kauffman v. Shellworth, 64 Texas, 179. Such a title was shown by the defendants in this case.

The trial court also found that John G. Pitts had held adverse possession under color of title from the State for more than three years from December, 1869. Can this finding be made available in behalf of defendants?

Pitts sold the land to Daniel M. Ford in 1843. Pitts did not claim the land sold to Ford for about fifteen years thereafter. Ford soon thereafter left the country. Pitts tried to ascertain the whereabouts of Ford and failed, and finally concluded he was lost at sea. Having failed to find Ford, in 1869 Pitts took possession of the land, claiming title thereto, and rented it out for a term of three years. There was no conveyance shown from Pitts to Ford evidencing a sale made in 1843, and the evidence that Pitts sold the land to Ford in 1843 was not admitted to show title, but only so far as it might affect the question of limitation. In 1875 the heirs of Ford became known, and thereupon Pitts recognized their right to the land and executed a conveyance to them. The defendants claim under the heirs of Ford.

This conveyance from Pitts to Ford is challenged as not being sufficient to show title in Ford to the land in dispute. This deed described the land as above set out. The Brazos River is the western boundary of the league, and to begin at the southeast corner of the league would not include the land in dispute. The land in dispute is in the southwest corner of the league. The description in other respects is defective. We think the court should not have admitted the deed, because the description is too indefinite and it does not describe the land in dispute.

We do not think that defendants show a defense under the three years statute of limitations.

The fourth assignment of error furnishes no sufficient ground for reversing the judgment. The case was tried by the court without a jury, and if the testimony of the witness Vinson was improperly admitted, which we do not hold, there is nothing in the record to show that the court was influenced thereby in its judgment.

The defendants having shown a valid outstanding title to the land superior to plaintiffs, the judgment must be affirmed.

*Affirmed.*

### ON REHEARING.

Plaintiffs in error contend that the title of R. H. Flanniken can not avail defendants as an outstanding title, for the reason that the same is an equitable title and defendants have failed to connect themselves therewith.

The record shows that William Brooks, the original grantee, conveyed the land in controversy to William Steel in 1835. Steel failed to record his title. In 1842 Brooks sold the land to R. H. Flanniken, who paid value therefor, and without notice of Brooks' former conveyance to Steel. By virtue of our registration laws, article 4640, Revised Statutes, the deed to Steel, not having been recorded, and Flanniken being an innocent purchaser, was void as to Flanniken. By force of this statute and the facts shown, we think Flanniken took more than an equity in the land.

As stated in the case of Key v. La Pice, 88 Texas, 211, "the equity of the purchaser is made by the statutes of registration a legal right."

We conclude that Flanniken acquired the legal title to the land. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.