## MEXIA PLANING MILL CO. v. WERNER.
### (No. 892.)

Court of Civil Appeals of Texas. Waco.
Jan. 23, 1930.

Rehearing Denied Feb. 13, 1930.

A. M. Blackmon, of Groesbeck, for appellant.

W. W. Mason, of Mexia, for appellee.

BARCUS, J. In July, 1923, appellee William Werner invented and applied for a patent for a sucker rod guide. Again in August, 1923, he applied for another patent for the same device. Thereafter, the date not being shown, appellee Werner and L. J. Ingram formed a copartnership under the firm name of Mexia Planing Mill Company, and manufactured and sold said device for which patents had been applied for by appellee Werner. On May 27, 1924, appellee and Ingram entered into a contract, under the terms of which each of said parties became the owner of an undivided half interest in said device, and under the terms of said contract it was specifically provided that, if either of said parties should thereafter invent any improvement on the patents as issued under the applications that were then pending, or if the patents were amended or some device of like nature should be patented by either of the parties, same would be owned jointly by said parties. Said contract provided that Ingram would pay Werner $500 on demand and an additional $1,000 when a patent was issued on any of the applications that were then pending; and, further, that appellee Werner was to be paid a royalty on all implements sold at the rate of 5 per cent. on sales of each device that sold for 60 cents or more, and at the rate of 3 cents for each device that sold for less than 60 cents. The minimum royalty to be paid each year was $1,000.

It appears that Jack Dodson had filed application for patent on a device similar to the one applied for by appellee Werner, and considerable litigation was engendered between them relative to their respective patent rights. On June 26, 1925, a compromise was made between Jack Dodson, William Werner, and Mexia Planing Mill Company relative to the rights of the respective parties in and to the patent and manufacturing rights for the sucker rod guide. Under the terms of said contract it was agreed that the patents might issue to either Dodson or Werner, and that same should be owned equally by Werner and Dodson, and the exclusive patent rights to manufacture or sell the sucker rod guides was given to the Mexia Planing Mill Company for a period of 17 years. In consideration therefor, the Mexia Planing Mill Company agreed to pay appellee Werner the same consideration named in the contract of May 27, 1924, between appellee and L. J. Ingram. Said contract had the following provision: "It is further understood and agreed that all improvements made in the above device or instrument shall inure to the benefit of the parties hereto, their heirs and assigns."

On September 8, 1925, appellee Werner sold and conveyed to the Mexia Planing Mill Company all of his right, title, and interest in and to the sucker rod guide invention, and agreed that patents therefor should issue to said company. In consideration therefor the Mexia Planing Mill Company agreed to pay

appellee "a royalty as set forth in previous contract between L. J. Ingram and the said William Werner, dated May 27th, 1924, * * * under the same terms as to time of payment and rate of royalty. The Mexia Planing Mill Company also acknowledges its obligation to pay minimum royalty of $1000.00 per year, as set forth in said contract. The Mexia Planing Mill Company further agrees to pay to said William Werner the sum of $1000.00 when patent protection on the sucker rod guide which they are manufacturing has been obtained."

On July 26, 1926, for $5,000, appellee Werner sold, assigned, and conveyed to John W. Swann his entire interest in and to the royalty to be paid him by the Mexia Planing Mill Company under the contract which he made with said company on September 8, 1925, and also conveyed and assigned to said Swann all his right to the three different patents that had been issued for the manufacture of said sucker rod guides, and said bill of sale, after describing fully the patents that had been issued, stated: "Said assignments to include all patents pending or that may be issued to me or any improvements or amendment or device pertaining to the above described invention. Said assignment also to include all my right in and under the contract referred to (of September 8th, 1925, between Werner and the Mexia Planing Mill Company) and the contract dated May 27th 1924, between myself and L. J. Ingram."

After all the contracts were made, on November 30, 1928, patent No. 1608873, applied for by William Werner on December 13, 1924, was issued to the Mexia Planing Mill Company as assignee of Werner.

Appellee instituted this suit to cancel the contract of sale made by him to appellant on September 8, 1925, in so far as it related to patent No. 1608873, issued to appellant on November 30, 1926, under the application which appellee had filed December 13, 1924, and to recover of appellant said patent and all patent rights thereunder; appellee's contention being that, since appellant had failed to manufacture any sucker rod guides under or by virtue of said patent, and having failed to pay any royalty on or under any devices manufactured by virtue of said patent, that the entire consideration provided for in said contract had failed, and that he was by virtue thereof entitled to rescind said contract. In the alternative appellee sought to recover $1,000 for each year as royalty which he claimed appellant was due him under said patent No. 1608873, under and by virtue of the provisions contained in the contract made between him and appellant on September 8, 1925.

Appellant contends that appellee was not entitled to recover, because, long prior to the institution of this suit, he had sold and conveyed his entire interest in the subject-matter of the suit to John W. Swann by a written bill of sale and assignment dated July 26, 1926. Appellant further contends that under and by virtue of the contract of May 27, 1924, a one-half interest in said patent No. 1608873 was the property of L. J. Ingram, since said contract specifically provided that, if any patent was applied for after the date of said contract and patent was issued thereon, it should become the property of Ingram and Werner jointly. Appellant further contends that it was not required to manufacture the sucker rod guide device under patent No. 1608873, or any other particular patent that had been issued for said device, but that it had the right to manufacture said device under any one or more of the patents that had been issued. It was shown without dispute that appellant had been and was manufacturing and selling said device under one of the prior patents that had been issued. Appellant further contends that in no event would appellee have the right to recover patent No. 1608873, together with all patent rights accruing thereunder, for failure to manufacture the device under said patent and for failure to pay a royalty on said patent, since that was at best only a portion of the consideration to be paid under said contract, and said patent right was only a portion of the patent rights conveyed by virtue of said contract.

The cause was tried to the court and resulted in a judgment for appellee canceling the contract of September 8, 1925, in so far as it affected patent No. 1608873, and awarding said entire patent right to appellee.

The record shows that when appellee and L. J. Ingram made their initial contract on May 27, 1924, appellee had pending, under different patent descriptions, four applications for patents for sucker rod guide device. On December 13, 1924, during the same year, he filed another application for a patent under serial No. 755786, and the patent in controversy was issued thereunder to appellant as assignee of appellee on November 30, 1928. Appellee does not contend that the sucker rod guide for which patent was applied for on December 13, 1924, and on which the patent in controversy was issued, is any different device from those applied for under the other applications. It was admittedly a device of like nature as that applied for under the other applications. We think clearly, under and by virtue of the contract made between appellee Werner and Ingram on May 27, 1924, Ingram became and was the owner of an undivided one-half interest in the patent No. 1608873 involved in this litigation.

■■ Under the sale made by appellee to John W. Swann on June 26, 1926, appellee absolutely, without any reservation, sold and conveyed all of his rights, including the roy-

alty, in and to the three patents that had at that time been issued for the sucker rod guide device, and said bill of sale specifically sold and assigned to Swann all the rights that appellee had in any patents pending pertaining to said invention, and also included all his rights accruing to him under the contract which he had made with Ingram in May, 1924, and the contract he had made with appellant on September 8, 1925. Appellee had no interest in the subject-matter of the litigation at the time he filed his suit, nor at the time the cause was tried, and was not therefore entitled to recover. Our courts have uniformly held that, in a trespass to try title for real estate, the defendant can defeat the plaintiff's right to recover by showing an outstanding adverse title to that claimed by plaintiff. La Pice v. Caddenhead, 21 Tex. Civ. App. 363, 53 S. W. 66 (error refused); Mann v. Hossack (Tex. Civ. App.) 96 S. W. 767 (error refused); Pool v. Unknown Heirs (Tex. Civ. App.) 49 S. W. 923. We see no reason why the same rule should not apply when a party seeks to recover personal property. It is unquestionably the law that, before a plaintiff is entitled to recover, he must establish his cause of action as alleged.

It appearing to the court that all of the documents relative to the ownership of the patent in controversy are in writing, and that under the provisions thereof appellee had no interest in the subject-matter of the litigation, the judgment of the trial court is reversed, and judgment is here rendered denying appellee any recovery.

STANFORD, J., absent on account of illness.