## HAVIS v. THORNE INV. CO. et al.
### No. 3727.

Court of Civil Appeals of Texas. Amarillo.
Feb. 3, 1932.

Williams & Day, of Plainview, for appellant.

Edwin McMath, of Plainview, for appellees.

HALL, C. J.

July 12, 1929, R. T. Barbee and wife conveyed the N. E. ¼ of Sec. 1, block JK–2, in Hale county, to Mrs. Bertie May Carruth, retaining in the conveyance the vendor's lien to secure the payment of ten notes of even date, each in the sum of $444.45 and interest at 8 per cent., due respectively July 1, 1930, to July 1, 1939, inclusive. This deed was recorded August 28, 1929.

Thereafter, on October 6, 1929, the Barbees, by written transfer, assigned the first nine of the above-mentioned ten notes to appellee Thorne Investment Company, expressly stipulating in the transfer that note No. 10, retained by them, should "be secured by a lien upon said premises, second, subordinate and inferior to the lien securing the nine notes hereby assigned to said Thorne Investment Co. and subordinate to the lien, terms and provisions of two deeds of trust from Bertie May Carruth and R. E. Carruth, her husband, to A. E. Pool, trustee for the benefit of said Thorne Investment Co. securing the payment of one principal note for $4,000.00, and six interest notes aggregating the sum of $400.00."

This instrument was filed for record December 19, 1929, and duly recorded December 31, 1929.

The Carruths executed to Pool, as trustee for appellee investment company, their first deed of trust to secure their debt of $4,000 and interest at 6 per cent. It recites that the note secured thereby represents money advanced by the Thorne Investment Company which had been applied to the renewal and extension of their nine vendor's lien notes in the principal sum of $444.45 each, dated July 12, 1929, payable to the order of R. T. Barbee. It does not appear when this instrument was recorded, but, since a foreclosure of their second deed of trust only is sought in this action, that fact is immaterial.

Thereafter, on the 25th day of September, 1929, Mrs. Carruth, joined by her husband, executed a second deed of trust to Pool as trustee for the appellee investment company, conveying the land in controversy to secure the payment of six certain promissory notes, executed by them to the appellee investment company; note No. 1 being for $20, due December 1, 1929, the remaining five notes being for $76 each, payable December 1, 1930, and annually thereafter to December 1, 1934. These notes were given to secure the interest payable on the principal debt of $4,000 mentioned in the first deed of trust. This instrument was filed for record the 25th day of February, 1930, and duly recorded on the 4th day of March, thereafter.

On the 7th day of February, 1930, the Carruths conveyed the land in question to Hazel H. Havis, "for and in consideration of the sum of $7,500.00, to us paid and secured to be paid by Hazel H. Havis, as follows: $3,055.00 cash in hand paid, the receipt of which is hereby acknowledged and confessed, and the further consideration of the assumption by the grantee herein of a certain loan in the principal sum of $4,000.00, due the Thorne Investment Co. of Abilene, Texas, the said note bearing interest at the rate of six per cent per annum and the further assumption by the grantee herein of a certain vendor's lien note being No. 10 in a series of ten notes due and payable to the order of R. T. Barbee, et ux.," etc.

On the 30th day of April, 1930, the Carruths filed what purports to be a correction deed, conveying the land in question to the appellant Hazel Havis, in consideration of the sum of $7,500 cash paid: "And the further consideration that grantee herein assumes and agrees to pay six certain promissory notes in favor of Thorne Investment Co. of Abilene, Texas, being of even date with and secured by deed of trust from grantors herein to A. E. Pool, Trustee"—followed by a description of the six notes above mentioned.

This suit was filed by Hazel Havis to cancel the second deed of trust executed by the Carruths to the appellee investment company to secure these six notes, upon the ground that she had purchased said land for a valuable consideration without any notice of either of them. She sought also the cancellation of the correction deed executed by the Carruths and described above, in which it is recited that, as part consideration, she assumes the payment of the six interest notes described above. She alleges that this deed was made without her knowledge or consent, that she never accepted it and knew nothing of its existence and nothing of the deed of trust or the notes which it purports to secure until she was notified by the Thorne Investment Company that one of the notes for $76 was due.

The appellee investment company answered by certain exceptions, general denial, and

sought by cross-action against the Carruths to recover upon the note for $76, due December 1, 1930. The suit was for the balance of $50, interest, and a foreclosure of said deed of trust against all defendants. The appellee investment company further alleged that the quarter section of land had been conveyed to the Carruths by Barbee and wife for an indebtedness evidenced by ten notes in the sum of $444.45 each. That the Carruths had executed to said appellee a note and bond in the sum of $4,000, the consideration for which the appellee purchased nine of the above-mentioned ten notes, and that the Carruths executed a deed of trust upon said land to secure the payment of said $4,000 note, and that the one note for $20 and the five notes for $76 each were given by the Carruths to secure the payment of further interest upon the $4,000 note. That by written transfer on October 6, 1929, Barbee and wife, for the recited consideration of $4,000, assigned the first nine of said vendor's lien notes to appellee investment company, reciting that the lien held by Barbee securing note No. 10 of the series of ten vendor's lien notes should be subordinate and inferior to the lien securing said nine notes and subordinate to the lien and terms of the two deeds of trust given by the Carruths to appellee investment company to secure the payment of one principal note for $4,000 and six interest notes aggregating the sum of $400.

The appellant Hazel Havis, by supplemental petition, excepted to that part of defendant's answer which set up that the Barbees executed a transfer to appellee of the nine notes upon the ground that such transfer could not be any record or constructive notice to her of any fact therein recited or of the existence or contents of such transfer, and further specially excepted to that part of the answer setting up that in a transfer made by Barbee and wife assigning the nine vendor's lien notes that the lien securing note No. 10 should be subordinate to the lien, terms, and provisions of two deeds of trust executed by the Carruths for the benefit of appellee, on the ground that such recitation in such transfer, even though duly of record, was made by the Barbees after they had conveyed said land to the Carruths, under and through whom the plaintiff holds title.

The court overruled both of the exceptions, and peremptorily instructed the jury to return a verdict against the plaintiff and in favor of the Thorne Investment Company for the balance due on said note to date and for foreclosure of its lien. Judgment was entered accordingly.

The appellant says that the only question involved in this suit is whether or not plaintiff had notice of the second deed of trust and the six notes aggregating $400 described in said second deed of trust.

We think that this correctly states the crucial issue. There is testimony which raises the question of actual notice, but, unless the record is sufficient to show constructive notice to the appellant, Hazel Havis, the court was not authorized to direct a verdict.

As shown by the previous statement, she acquired title from the Carruths by deed dated February 7, 1930. On that date there was on record the deed from Barbee and wife conveying the title to Mrs. Carruth. This deed recited a part of the consideration to be ten notes of that date in the sum of $444.45 each, with further description thereof. There was also on record a written assignment by the Barbees to the Thorne Investment Company, dated October 6, 1929, of the first nine of the above-described notes. In this transfer it was stipulated that the tenth note should be inferior and subordinated to the first nine notes. It is also recited in said written assignment that note No. 10 "should be subordinated to the lien, terms and provisions of two deeds of trust from Bertie May Carruth and R. E. Carruth, her husband, to A. E. Pool, Trustee for the benefit of said Thorne Investment Company, securing the payment of one principal note for $4,000.00 and six interest notes aggregating the sum of $400.00, or to any renewals or extensions thereof by said Thorne Investment Company, its successors and assigns, it being the intention that the liens acquired by said Thorne Investment Company shall at all times be the first, prior and paramount lien on said premises described in said instrument."

■ It is provided by article 6626, R. C. S., that instruments of writing concerning any lands or tenements which have been acknowledged or proved according to law may be recorded.

The written assignment of the vendor's lien notes from Barbee to the investment company was duly acknowledged.

It is further provided by R. S. art. 6646 that the record of any such instrument in the proper county shall be taken and held as notice to all persons of the existence of such instrument.

The rule is settled by the decisions of the courts that the written assignment of vendor's lien notes is such an instrument as is required by our registry laws to be recorded in order to be effectual against subsequent purchasers for a valuable consideration without notice, and that the record of such an instrument is constructive notice to such subsequent purchaser. Holloman v. Oxford (Tex. Civ. App.) 168 S. W. 437; Etheridge v. Campbell (Tex. Com. App.) 215 S. W. 441; H. O. Wooten Gro. Co. v. Lubbock State Bank (Tex. Com. App.) 215 S. W. 835.

■ The written assignment expressly mentioned the two deeds of trust and the six

332

notes given for interest, one of which is the basis of this suit. It is held in Garrett v. Parker (Tex. Civ. App.) 39 S. W. 147, that a recorded deed expressly retaining the vendor's lien to secure the price, and reciting that as additional security a deed of trust has been executed, is notice to those claiming through it, not only of the lien, but of the unrecorded trust deed. The appellant insists that the written assignment of the nine notes cannot properly be held as a part of her chain of title. We overrule this contention. Chain of title is defined to be: "The successive conveyances, commencing with the patent from the government, each being a perfect conveyance of the title down to and including the conveyance to the present holder." 11 C. J. 226.

A deed which expressly retains the vendor's lien to secure the payment of notes given for the purchase price is construed in Texas to mean that the superior title is with the vendor until the notes have been paid. In order to make such a deed a perfect conveyance of the title, the record must also show payment of the notes and a release of the vendor's lien.

We think the court correctly directed a verdict, and the judgment is affirmed.