## RESERVE PETROLEUM CO. et al. v. HUTCHESON.

### No. 6233.

Court of Civil Appeals of Texas. Amarillo.

June 23, 1952.

Rehearing Denied Sept. 2, 1952.

Savage, Gibson, Benefield & Hart, Oklahoma City, Okl., McCarthy, Snodgrass & Haynes, Amarillo, for appellants.

804

Hamilton & Deaver, Memphis, for appellee.

PITTS, Chief Justice.

This is an action in trespass to try title filed by appellee, Leroy H. Hutcheson, against appellants, The Reserve Petroleum Company and Gulf Coast Western Oil Company, private corporations, to recover two tracts of land aggregating 180 acres situated in Hall County, Texas. Appellants answered with a plea of not guilty and asserted title in themselves to an undivided one half interest in the minerals under the said tracts of land in proportions therein alleged as between themselves. The case was tried to the court without a jury and judgment was rendered in favor of appellee from which appellants perfected an appeal. Findings of fact and conclusions of law were filed by the trial court.

One B. J. Boyd, a single man, is the common source of title under whom all parties claim. On July 16, 1929, Boyd conveyed the land in question to R. Canada and the deed was recorded on July 17, 1929. Appellee deraigns title to the said land under L. May Parks, who on July 16, 1929, received a deed of trust from R. Canada and wife conveying the land in question to secure a debt in the sum of $7,800, payable in installments, which debt was for money advanced by L. May Parks to R. Canada for the purchase price of the said land. The said deed of trust was filed for record on July 18, 1929. None of the said indebtedness having been liquidated, L. May Parks was a record lien creditor by reason of the debt and deed of trust continuously until R. Canada and wife on October 21, 1932, conveyed the whole of the land by a general warranty deed to L. May Parks for a consideration of the surrender and cancellation of the vendor's lien note in the sum of $7,800 secured by the deed of trust, thus cancelling the debt and the recorded deed of trust lien on the said land. The said warranty deed was filed for record on October 21, 1932, the same day it was executed.

Appellants base their claims upon two mineral deeds with warranty clauses executed on September 16, 1931, by R. Canada and wife for an undivided ⅜ mineral interest under the said land to Farmers Royalty Holding Company and an undivided one-eighth mineral interest under the said land to G. T. Blankenship but such mineral deeds were not filed for record until June 7, 1935. These mineral interests were later transferred, respectively, to appellants.

Appellee contends that unrecorded conveyances of real property, such as appellants are claiming under, are void as to creditors of the grantor, secured by a prior recorded lien on the said real property such as L. May Parks had. He further contends that the rights of L. May Parks, as a prior lien creditor accrued to her under the provisions of Article 6627, Vernon's Texas Annotated Civil Statutes, which reads as follows:

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages *shall be void as to all creditors* (emphasis ours) and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

The provisions of the foregoing Article protect a record lien creditor as well as all subsequent purchasers for a valuable consideration without notice. The Article applies to creditors who have acquired some character of lien upon or interest in the land. Certainly appellees' predecessor, L. May Parks, was a creditor who held a deed of trust upon the land prior to any claims of appellants or their predecessors. Appellee claims under the rights of L. May Parks, as a record lien creditor of R. Canada, by reason of the debt of $7,800 secured by the deed of trust executed and recorded in July of 1929 more than a

year before the mineral deeds in question were executed on September 16, 1931, and approximately 6 years before such mineral deeds were recorded on June 7, 1935.

In a similar case, to wit, McKeen v. Sultenfuss, 61 Tex. 325, where a deed was executed conveying land but the deed was not recorded prior to the execution and recording of a deed of trust on the same land subsequently executed to secure a debt, the court held that a creditor who takes a deed of trust to secure a pre-existing debt upon property with no notice, actual or constructive, of the existence of a former deed made by the debtor, may subject the property to the payment of his debt, and such former deed, which has not been duly acknowledged or proved up and lodged with the clerk of the proper county for record, prior to the execution of the trust deed, is void as to such creditor. If a former deed previously executed by a debtor is void as to a subsequent record lien creditor without notice, certainly a mineral deed executed subsequently to a record lien creditor's right of claim must be void. Since L. May Parks was a record lien creditor of R. Canada and wife long before they executed the mineral deeds in question, the mineral deeds must be void as to her, and, in that event, the issues of notice or good faith as to the said creditor did not arise.

Under the provisions of Article 6627 the subsequently executed mineral deeds, under which appellants claim, were void as to record lien creditors of which L. May Parks was one. Jackson v. Berliner, Tex. Civ.App., 127 S.W. 1160, writ refused. 36 Tex.Jur. 580, Sec. 96, says, in effect, that inasmuch as such instruments (mineral deeds) were void as to creditors, they cannot be effective as to a creditor for any purpose and the creditors' rights are the same as they would be if the subsequently executed mineral deeds did not exist. Inasmuch as the mineral deeds in question were void as to L. May Parks, the warranty deed executed by R. Canada and wife to L. May Parks of date October 21, 1932, and recorded the same day vested in the grantee the whole of the legal title to the said land, free from any claims by anybody under the said mineral deeds.

Appellants' brief is devoted largely to the question of a subsequent purchaser for a valuable consideration without notice, contending that L. May Parks had actual notice of appellants' claims of their mineral interests on October 21, 1932, when R. Canada and wife deeded her the land in question, that she purchased the same in bad faith, without paying a valuable consideration therefor and failed therefore to prove herself an innocent purchaser of the said land. They further complain about some of the trial court's findings concerning notice to L. May Parks and about the admission or refusal to admit certain testimony affecting her rights in the premises. All of such complaints and assignments apply only to appellee's right to recover under the terms of the warranty deed executed to his predecessor, L. May Parks, by R. Canada and wife on October 21, 1932, and recorded the same day.

By virtue of the foregoing cited registration statute (now Article 6627 but one time Article 4640) a purchaser of land for value and without notice acquires the title as against a person claiming under a deed that had not been filed for record to be recorded as required by law. LaPice v. Caddenhead, 21 Tex.Civ.App. 363, 53 S.W. 66, writ refused. That being true, an unrecorded conveyance of real property is void as to a subsequent purchaser who, without notice of the said unrecorded conveyance, takes the said land by warranty deed in cancellation of a prior recorded debt and lien on the said land. Article 6627 makes unrecorded conveyances void (1) as to all creditors and (2) as to subsequent purchasers for a valuable consideration who are without notice. On July 16, 1929, L. May Parks furnished the purchase price money in the sum of $7,800 to R. Canada and wife to purchase the land in question. Canada and wife on the same day executed a vendor's lien note for the said sum secured by a deed of trust to L. May Parks and the deed of trust was recorded on July 18, 1929. Without the knowledge of L. May Parks, Canada and wife thereafter on September 16, 1931, executed the mineral deeds in question to appellants' predecessors but the said deeds were not recorded until June 7,

1935. On October 21, 1932, Canada and wife executed a warranty deed to L. May Parks for the whole of the said land, without advising her of the existence of the said mineral deeds, for a consideration of the cancellation and surrender of the note for $7,800 which likewise cancelled the deed of trust lien. As a consideration in the transaction L. May Parks therefore cancelled both the note and her prior recorded deed of trust lien on the land in question. In doing so she gave up something more than her pre-existing debt when she likewise gave up her prior recorded lien to secure the debt. L. May Parks parted with a valuable consideration when she advanced the $7,800 to Canada for the purchase of the land and took security therefor. A cancellation and surrender of her rights along with the cancellation of the debt constituted a valuable consideration and made her a purchaser for value under the deed from Canada. It is a well-recognized rule of law that the cancellation of a debt secured by a valid lien constitutes a valuable consideration. Wallace & Co. v. Campbell, 54 Tex. 87; Barrett v. Eastham Bros., Tex.Civ.App., 86 S.W. 1057; Coleman v. Looney, Tex.Civ. App., 83 S.W.2d 1061. The said rule of law is recognized by the court in the case of Red River Nat. Bank in Clarksville, Tex., v. Latimer, Tex.Civ.App., 110 S.W.2d 232, page 237, Syl. 10, which case is cited by both parties. It is our opinion that the trial court properly found that L. May Parks paid a valuable consideration for the land deeded to her by warranty deed of date October 21, 1932, by R. Canada and wife.

The trial court likewise found, in effect, based upon what we deem to be sufficient evidence, that L. May Parks had no actual notice of appellants' claims to an undivided one-half interest in the minerals under the land in question on October 21, 1932, when R. Canada and wife executed and delivered the general warranty deed to her. At the time the said deed was executed L. May Parks lived in the State of New Mexico. The deed conveyed the whole of the land without any reservations. Canada did not give L. May Parks an abstract of title or tell her anything about the mineral deeds. Such deeds had not been filed for record. There was nothing of record in the chain of title to put her on notice. L. May Parks died on November 2, 1941, and there was no way to obtain her testimony at the trial of this case on January 30, 1952. Some hearsay testimony was offered in an effort to establish notice but the same was properly excluded by the trial court. Appellants also sought to establish by a recorded affidavit showing the existence of the mineral deeds in question but the affidavit was not acknowledged and therefore not subject to record and did not constitute constructive notice. Farmers Mutual Royalty Syndicate v. Isaacks, Tex.Civ.App., 138 S.W.2d 228, and other authorities there cited. The said unacknowledged affidavit was executed by G. T. Blankenship and filed by him for record. But, not having been executed by L. May Parks' grantor, Canada, it was not a part of the chain of title. The affidavit was executed on December 30, 1931, and recorded on January 2, 1932. It could have been indexed only under the name of "Blankenship" and was not a part of the chain of title affecting the land. "Chain of title" has been defined to be "The successive conveyances, commencing with the patent from the government, each being a perfect conveyance of the title down to and including the conveyance to the present holder." Havis v. Thorne Inv. Co., Tex.Civ.App., 46 S.W.2d 329, 332, and 36 Tex.Jur. 478, Sec. 50. Blankenship's mineral deed was not filed for record until June 7, 1935, then there was of record a complete break between R. Canada in whom the title was vested and G. T. Blankenship who made the affidavit. If L. May Parks had searched the records, she would not have found a record of the affidavit in Canada's chain of title and it would have been a mere accident if she had searched beyond his chain of title and found it. There is nothing to show L. May Parks had notice of the Blankenship affidavit or had notice of facts sufficient to put her upon inquiry about the affidavit and its contents. There was no constructive notice and it is our opinion that the facts and circum-

stances support the trial court's finding that L. May Parks did not have actual notice.

We have concluded that no reversible errors are reflected by the record. It is also our opinion that the mineral deeds (under which appellants are claiming) were void as to L. May Parks (under whom appellee claims) as a record lien creditor of Canada and his wife. It is likewise our opinion that L. May Parks was a subsequent purchaser of the whole of the land for a valuable consideration and without notice of appellants' claims. Appellants' points to the contrary are all overruled and the judgment of the trial court is affirmed.