**Virginia Laird GARCIA, Appellant,**

v.

**Helen Kahn PELLEGRIN, Appellee.**

No. 14549.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1967.

Raul Villarreal, San Antonio, for appellant.

Lieck & Lieck, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a summary judgment granting possession of a long cap-and-ball rifle, known as the "Bowie gun," to appellee, Helen Kahn Pellegrin.

Appellee, the sole heir and independent executrix of the estate of her deceased husband, Alfredo Garcia Pellegrin, brought this suit against the Daughters of the Republic of Texas as curator of "The Alamo" to recover possession of the Bowie rifle which was allegedly loaned to the museum by Alfredo in April, 1936, for display to the public. Appellant, Virginia Laird Garcia, intervened and alleged that she was the legal owner of said rifle as the surviving widow and sole heir of Joe Pellegrin Garcia. The Daughters asserted no claim of ownership but asked for a decree determining ownership of the rifle before they are required to deliver it to anyone.

Alfredo Garcia Pellegrin and Joe Pellegrin Garcia were brothers[1] and both appellant and appellee claim ownership of the rifle through a parol gift to their respective spouses from their grandfather, Jose Maria Garcia Villarreal, Sr. Appellee also asserted claim of ownership through the statutes of limitation by virtue of the adverse possession of Alfredo for over thirty years.

Appellee's motion for summary judgment is supported by certified copies of probate proceedings in Alfredo's estate and the affidavits of Jesse Applewhite, Sr., Ed Villarreal, Sr., Alicia Garza Zertuche Kahn, and Robert A. Kahn, as well as her own affidavit. In opposition to this motion, appellant filed affidavits of Henry Lapoe Phillips and Lavender Wilson Davis. The following facts in these affidavits are uncontradicted:

Since April, 1936, the rifle has been on display in The Alamo museum, with a card beside the rifle stating substantially as follows: "Loaned by A. G. Pellegrin of Laredo." The rifle was delivered to the custodian of The Alamo by Mr. Jesse Applewhite, Sr., on behalf of Alfredo, and the receipt given therefor reads as follows: "Received of Mr. Jesse Applewhite—James Bowie's gun—to be placed in the Alamo subject to the call of the owner, Mr. Pellegrin."

The record does not establish when the grandfather died or when he made a gift of

---

1. Alfredo adopted the Spanish custom of putting his mother's maiden name last.

the rife to anyone. The record is undisputed, however, that the rifle had continuously been in the possession and under control of Alfredo since prior to 1929. The affidavits filed on behalf of appellee state that Alfredo had openly and notoriously claimed the rifle at all times, and that prior to being placed in The Alamo, the rifle was on display in Alfredo's home. These affidavits also state that Alfredo's claim of ownership was made in the presence of Joe Pellegrin Garcia without contradiction by him.

There is no contention in any of appellant's affidavits that Joe ever had the gun in his possession. The affiant Davis, who was related to Joe through marriage, stated that on one occasion at Alfredo's house, the gun was discussed and both Alfredo and his mother stated that it was Joe's gun. Davis did not identify the time of this conversation, but it occurred prior to the placing of the rifle in The Alamo in 1936. This affiant did not give any reason for the gun being or remaining in Alfredo's possession so as to overcome Alfredo's subsequent adverse possession. The affiant Phillips related conversations he had with Joe subsequent to 1952, in which Joe stated the Bowie rifle belonged to him. These conversations occurred outside the presence of Alfredo.

■■ Appellee excepted to these statements by Phillips as being hearsay. In Nagel v. Kiibler, Tex.Civ.App., 212 S.W.2d 1009, writ ref'd n. r. e., the applicable rule is stated: "It is the settled law in this state that declarations of a person made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession and to show the extent of his interest and the character of his holding." Joe was not in possession of the rifle at the time the statements were purportedly made to the affiant Phillips, and they amounted to no more than mere narrative of past transactions relating to the title and were hearsay and therefore inadmissible. Stegner v. Womack, Tex.Civ.App., 321 S. W.2d 97, writ ref'd n. r. e.; Radford v. Hill, Tex.Civ.App., 185 S.W.2d 129, writ ref'd w. o. m.; 1 McCormick & Ray, Texas Evidence § 797 (2d ed.). The hearsay statements by affiant Phillips are of no probative force in determining the motion for summary judgment. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex. Sup.1962).

■ It is seen from the uncontradicted affidavits that Alfredo held possession under his claim of ownership at the time he loaned the rifle to The Alamo museum for public display. For nearly thirty years it was on open display with notice to all that he claimed ownership of same. He thereby established his ownership through adverse possession. Art. 5526, § 2, Vernon's Ann. Civ.St.; Texas & N. O. R. Co. v. Schoenfeld, 136 Tex. 173, 146 S.W.2d 724 (1941). This title was devised to appellee as shown by the certified copies of the will of Alfredo and the order admitting same to probate.

■ Furthermore, it is seen that appellant failed to establish a superior title in herself so as to entitle her to recover possession from appellee. Mexia Planing Mill Co. v. Werner, 24 S.W.2d 737, writ dism'd. There is no competent evidence to establish a delivery of possession of the rifle to Joe by his grandfather with a purpose of vesting ownership in Joe unconditionally and immediately, as required to constitute a gift inter vivos. Wells v. Sansing, 151 Tex. 36, 245 S.W.2d 964 (1952); Garrett v. Hunt, 283 S.W. 489 (Tex.Comm'n App.).

The judgment is affirmed.

KLINGEMAN, J., not participating.