Antonio P. HORTA, Appellant,

v.

R.K. TENNISON, d/b/a D & C Motors, Appellee.

No. 01–830–0164–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 24, 1984.

Theodore C. Flick, Houston, for appellant.

Wayne J. Prosperi, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is a suit for breach of warranty wherein the appellant/plaintiff seeks damages pursuant to the Texas Deceptive Trade Practices Act. After a non-jury trial, the trial court entered a take-nothing judgment.

Pursuant to this court's order, the trial court made findings of fact and conclusions of law in which it found that on February 13, 1979, appellant entered into a contract to buy a car from the appellee for a purchase price of $500.00; that appellant paid a third party $350.00 for his equity in the car; that appellant made $815.00 repairs to the car; and, that at the time the car was impounded, it had a fair market value of $1,600.00.

The trial court also found that on August 21, 1979, a person by the name of Lopez took the car from a public parking lot, claiming that the car had been stolen from him, took the car to a convenience store parking lot where he called the police; that the police met appellant and Lopez, and upon their information and belief that the car had been stolen before appellant bought it, refused to give appellant possession of the car and gave possession to Lopez; and that the following day the two parties and the police appeared before a Justice of the Peace, who, after hearing the evidence, also refused appellant possession of the car and gave possession to Lopez. The trial court also found that appellant protested the action of the police and the Justice of the Peace, and did not voluntarily give up possession of the car.

The court further found that the appellee did not deliver a certificate of title to the car before it was impounded and that the vehicle had never been returned to the appellant; that the appellant had made the proper demand upon the appellee to invoke the provisions of the Deceptive Trade Practices-Consumer Protection Act; that reasonable attorney's fees incurred by the appellant were $1,190.00; and, that the sale by the appellee to the appellant was in good faith.

The court concluded that the appellant was a consumer and the appellee a seller; that the appellee warranted title to the car to the appellant; that the intervention and actions of the police and the Justice of the Peace were in the exercise of their official power and constituted an actual and/or constructive impoundment of the car under force of law; the impoundment of the car constituted a breach of "quiet possession" of the car; that the breach of "quiet possession" constituted a breach of warranty under Sec. 2.312, Tex.Bus. & Com.Code; and, that appellee's failure to provide a certificate of title, as required by Sec. 2.312, Tex.Bus. & Com.Code, prior to the impoundment, constituted a breach of appellee's warranty to the appellant.

The appellant alleges that the trial court's findings of fact and conclusions of law support his position that the judgment of the trial court was erroneous and should be reversed and rendered. The appellee contends that the findings of fact and conclusions of law are in conflict with the judgment entered and are not supported by any evidence or insufficient evidence.

■ We agree with the litigants' conclusion that the trial court's findings of fact and conclusions of law do not support its judgment. Under such circumstances, we look to the evidence to determine if the evidence supports the findings of the court.

■ In reviewing "no evidence" points the appellate court will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable references that may properly be drawn therefrom and disregarding all contrary and conflicting evidence. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981). In reviewing "factual insufficiency", the appellate court will consider all the evidence in the record that is relevant to the fact being challenged. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

The appellee initially contends that there is no admissible evidence or insufficient admissible evidence to support the trial court's findings. He asserts that the appellant received a certificate of title which creates a prima facie proof of ownership to the motor vehicle and raises an administrative presumption of ownership and right to possession in the appellant. He alleges that all the testimony adduced at trial concerning the actions of Lopez and his claim to the automobile, as well as any action or statement by the police and the Justice of Peace, were hearsay evidence and as such were inadmissible. He concludes that the presumption of ownership and right to possession created by the certificate of title were never overcome.

The appellant argues that he purchased the car from the appellee; that the appellee did not furnish him a certificate of title before the car was taken; that the police and the Justice of the Peace refused to give him possession of the car; that although he protested the actions of the authorities, he did not voluntarily give up possession of the car; and, that the vehicle has never been returned to him. He concludes that the appellant warranted title to the car to him; that the intervention of the police and Justice of the Peace constituted an actual and/or constructive impoundment of the car under force of law; and such impoundment constituted a breach of his right to "quiet possession" of the car.

■ A large portion of the testimony which was adduced before the trial court was hearsay evidence, some admissible, some not admissible. The trial court was correct in holding that the hearsay evidence, elicited from the appellant, concern-

ing the car being stolen from Lopez and its ownership by Lopez was inadmissible. *See, Trial v. McCoy,* 553 S.W.2d 199 (Tex. Civ.App.—El Paso 1977), *on remand,* 581 S.W.2d 792 (Tex.Civ.App.—El Paso 1979); *Chenoworth v. Flannery,* 202 S.W.2d 480 (Tex.Civ.App.—Amarillo 1947, no writ). However, some of the appellant's statements explaining the nature and character of his possession were admissible. It appears to be well settled law in Texas that declarations of a person made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession and to show the extent of his interest and the character of his holding. *Garcia v. Pellegrin,* 411 S.W.2d 554 (Tex. Civ.App.—San Antonio 1967, no writ); *Nagel v. Kübler,* 212 S.W.2d 1009 (Tex.Civ. App.—Galveston 1948, writ ref'd n.r.e.).

Looking then to the admissible evidence which would support the court's findings, the record shows that the appellant took possession from the appellee on February 13, 1979, and lost possession of the car in August of 1979 to Lopez. Detective Falcon, a police officer for Missouri City, Texas, received a call from the Houston police to investigate the recovery of a stolen vehicle. He drove to the 5200 block of Harrisburg, located in Houston, Texas, where he met with the Houston police who were in possession of the vehicle made the basis of this litigation. After talking to the Houston Police and listening to the claims made by the appellant and Mr. Lopez, Detective Falcon "advised the Houston Police officer to go ahead and release the vehicle to the complainant John Lopez." He then advised the appellant and Lopez to meet him the following day at a Fort Bend County Justice of the Peace Court for the purpose of resolving their dispute. A hearing was had and Lopez retained possession of the vehicle.

The next day after the hearing, the appellant went to the appellee's place of business, explained to him what had happened, and asked the appellee to refund his money or give him another car. To which request the appellee responded, "No. Take it away

from the police." The appellant then contacted an attorney and the instant lawsuit was filed.

■ We are of the opinion that there is sufficient evidence to support the trial court's finding that there was a breach of the appellant's "quiet possession" of the car. Article 6687–5 requires that a person who transfers the title to a secondhand vehicle shall "deliver to the transferee at the time of delivery of the vehicle the license receipt issued by the Department for Registration thereof for the current year and a properly assigned certificate of title or other evidence of title as required under the provisions of Article 1436–1 [now Tex. Rev.Civ.Stat.Ann. art. 6687–1] of the Penal Code of the State of Texas." Tex.Rev.Stat. Ann. art. 6687–5 (Vernon 1977).

In the instant case, the appellee sold the vehicle to the appellant on February 13, 1979. At that time, the appellee neither furnished the appellant a certificate of title nor a duplicate original of the certificate of title. In August of 1979, when the appellant lost possession of the vehicle, the appellee still had not furnished the appellant with any evidence of title. It was not until October 22, 1979, that the appellee even made application for title to be placed in the appellant's name and, not until November 28, 1979, that a certificate of title was issued to the appellant.

The failure of the appellee to furnish the appellant with a certificate of title until nine months after the sale of the vehicle was a violation of Article 6687–5, *supra,* and from the evidence adduced at trial was the cause of the appellant's loss of the vehicle.

We hold that when the Houston Police Department took possession of the vehicle in question, and such action constituted an impoundment of the vehicle under force of law. We also hold that such action constituted a breach of the appellant's right to quiet possession of the vehicle, and as such was a breach of warranty under Sec. 2.312, Tex.Bus. & Com.Code. We further hold that the appellee's failure to provide a cer-

**724**

tificate of title was a violation of Article 6687–5, *supra*, and Sec. 2.312, Tex.Bus. & Com.Code, constituted a breach of appellee's warranty to the appellant.

 The appellee also contends that there was no evidence or insufficient evidence to support the trial court's finding that the reasonable market value of the vehicle was $1,600. The record reveals that after the appellant had testified that the reasonable market in Harris County, Texas was $1,600, the appellee objected, stating, "I don't think the proper predicate has been laid to the witness as to the market value of this automobile." This objection was overruled. On cross-examination the appellant testified that he had arrived at his figure of $1,600 by his purchase price plus all the items he had put on the car and by completely repairing it. He stated that someone had offered to buy the car but he did not want to sell it because he had fixed the car the way he wanted it. After soliciting this information from the appellant, the appellee did not renew his objection that a proper predicate had not been laid for the witness to testify to the market value of the automobile. Under these circumstances, we are of the opinion that any objection was waived and that appellant's testimony was some evidence of value.

The appellant urges that he is entitled to mandatory treble damages because his cause of action arose prior to the 1979 amendments to the Deceptive Trade Practices Act.

Under the Texas Business and Commerce Code, Sec. 17.46, the Legislature said with respect to the 1979 amendments:

> This Act shall be applied prospectively only. Nothing in this Act affects either procedurally or substantively a cause of action that arose either in whole or in part prior to the effective date of this act. (Vernon Supp.1982–1983).

Prior to the adoption of the 1979 amendments, the Supreme Court held that the provision of the statute with respect to treble damages was mandatory. *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977). The 1979 amendments limited recovery of treble damages in Sec. 17.50(b).

 In the instant case, the appellant purchased the vehicle in February, 1979, from the appellee. On August 21, 1979, the police took possession of the car and then gave it to Lopez. The amendments to the Deceptive Trade Practices Act became effective on August 27, 1979. Since the appellant's cause of action arose prior to the effective date of the 1979 amendments to the Deceptive Trade Practices Act, treble damages are mandatory. *Woods v. Littleton, supra; Flintkote Supply Co. v. Thompson*, 607 S.W.2d 41 (Tex.Civ.App.— Beaumont 1980, no writ); *Indust-Ri-Chem Laboratory, Inc. v. Par-Pak Co., Inc.*, 602 S.W.2d 282 (Tex.Civ.App.—Dallas 1980, no writ).

As heretofore stated the trial court found that the fair market value of the car at the time and place it was impounded was $1,600. It also found that the appellant incurred reasonable attorney's fees in the sum of $1,190. When the attorneys fees are added to the trebled market value of the car, the appellant is entitled to a judgment of $5990.

The judgment of the trial court is reversed, and judgment is rendered for appellant against appellee in the sum of $5990.