## JENKINS et al. v. CONN et al.
### No. 4879.

Court of Civil Appeals of Texas. Beaumont.
March 6, 1953.

Rehearing Denied April 1, 1953.

Fisher, Tonahill & Reavley, Jasper, for appellants.

Lewis Lanier, Jasper, for appellees.

R. L. MURRAY, Justice.

This is an appeal from a judgment in a trespass to try title suit in the district court of Newton County, in favor of appellees Janie C. Conn et al. and against appellants Cleburn Jenkins, Jr., et al. Appellees brought the suit for recovery of the title and possession of the land involved, and in the alternative sued for the amount of the note given by the appellants for the purchase price, together with foreclosure of the vendor's lien reserved to secure payment of such note. Appellants answered

by general denial, plea of not guilty, plea of ten years limitation as to the land, and a plea of four years limitation as to the note. By trial amendment filed at the outset of the trial, appellants pleaded in the alternative that if the note executed by them was not barred by limitation, then the full amount due on the note was tendered in payment thereof and such amount of money was paid into the registry of the court. Trial was to the court without a jury and judgment was rendered for the appellees for title and possession of the land. Appellants have duly perfected their appeal.

S. B. Conn conveyed the 112 acres of land in suit to the appellants by deed dated September 26, 1932, (reserving one-half of the minerals), and in the deed the following is recited as the consideration:

"For and in consideration of the sum of eleven hundred and twenty dollars ($1120.-00), to me paid, and secured to be paid, by Cleburn Jenkins, Jr., Earnest Jenkins and Eugene Jenkins, as follows: For a cash consideration that said Cleburn Jenkins, Jr., Earnest Jenkins, and Eugene Jenkins, will clear, fence and put in cultivation in the year 1933, twenty acres of land on the hereinafter described survey. One promissory vendor's lien note for eleven hundred dollars, payable in yearly instalments of one hundred dollars each, first instalment being due and payable September 26th, 1933, and one instalment to become due and payable on or before the 26th day of each succeeding year thereafter until the whole principal sum is paid."

The deed recited the reservation of the vendor's lien to secure the payment of the note. A note was executed by appellants as to the $1100 due to be paid, and recited that it was given in part payment of the payment for a certain lot or parcel of land, and as part of the purchase price thereof. The note, with the contract, lien, and other attendant rights were assigned by S. B. Conn to R. J. Conn, now deceased, and the present appellees are the heirs of R. J. Conn.

Appellees are negroes whose family lived adjacent to but not on the land involved. They cleared a small field, the extent of which is not in evidence, and built a calf pasture of two or three acres, both of which was begun and perhaps completed before the execution of the deed and note. They made no improvements on the land after the execution of the deed and note, paid nothing on the note, paid no taxes on the land, remained continuously in possession of the land until the time of trial, and cut timber from it from time to time. In 1936 or 1937 appellees requested payment, and receiving nothing, prepared a quitclaim deed to be executed by the appellants. Appellants refused to sign. Nothing further was said or done by the appellees as to the appellants or the land until suit was filed September 24, 1947.

There was no pleading by the appellants in their answer of any facts showing any equities in their favor by which they sought to defeat the suit to rescind. There was no evidence that appellants had done anything to enhance the value of the land by placing improvements on it, or in any other way.

Suit was filed in September, 1947, and in December, 1951, appellants paid into the registry of the court the sum of $4,611.20, as a tender of payment in case their pleas of limitation were not sustained.

Appellants by their two points of error say that the trial court erred in rendering judgment unconditionally awarding title of the land to appellees despite tender of full purchase price by the appellants and the equities to which they showed themselves entitled and because appellees had waived their right to rescind without affording appellants notice and an opportunity to pay. We do not agree.

The parties in their briefs are not in disagreement either as to the facts or the law. The facts are as outlined above. As to the law, they agree that the owner of a vendor's lien note owns the superior title to the land conveyed in a deed reserving the vendor's lien and upon default may rescind the executory contract and assert his superior title to the land, or may sue for his debt and subject the land to foreclosure to insure payment of the debt. These two

remedies are separate and distinct from each other. The right to rescission can be defeated by the debtor by a tender of the unpaid amount of the debt when he is sued in trespass to title, and by a pleading of facts showing that the exercise of the right to rescind would be inequitable.

We do not think under the facts of this case the appellants have shown themselves to be in position to invoke any equities in their favor so as to defeat the appellees' right to rescind. They paid nothing for the land, they made no improvements, paid no taxes, had unrestricted use of the land for seventeen years, cut timber from the land as they desired, and then did not offer to pay the unpaid amount of the purchase price (which was the entire amount of it) when sued, but resisted the suit by pleas of limitation. The offer to pay came subject to the action of the trial court on their pleas of limitation, general denial and not guilty. These facts do not entitle appellants to defeat the appellees right to rescind. They do not show the rescission to be a harsh remedy at all.

The judgment of the trial court is affirmed.