William W. McKINNEY et al., Appellants,

v.

Orville D. WHITE et ux., Appellees.

No. 6438.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 25, 1954.

Rehearing Denied Nov. 29, 1954.

Allen Melton and James R. Ellis, Dallas, for appellants.

Richard F. Stovall and Enos T. Jones, Floydada, for appellees.

PITTS, Chief Justice.

This is a statutory trespass to try title suit involving title to land, mineral rights and a secured vendor's lien note, as well as a plea to remove cloud from title. Appellees Orville D. White and wife, Amy P. White, filed suit against William W. McKinney and 15 other named defendants, their heirs and legal representatives, seeking to clear title to 160 acres of land located in Dickens County, Texas. Appellees alleged that defendant Southwestern Life Insurance Company held a valid lien against the land evidenced by a deed of trust to secure a note and that defendants Pacific Western Oil Corporation and Mission Corporation held an oil and gas lease on the land. Six of the named defendants individually disclaimed any right, title or interest in the land and minerals, while defendants William W. McKinney, William J. Danforth and wife, Marian G. Danforth, R. L. Gass and wife, Anette Gass, C. C. Dowlen and wife, Velma Dowlen, hereafter referred to as appellants, joined issues with appellees by pleadings duly filed.

The case was tried to the court without a jury and judgment was rendered recognizing the disclaimers and awarding judgment to appellees for the right, title and possession of the property involved, against the named defendants, subject to the valid and subsisting lien admittedly held by the Southwestern Life Insurance Company against the property and the valid oil and gas lease upon the land admittedly held by Pacific Western Oil Corporation and Mission Corporation, and that subject to such admissions appellees' title be quieted as against all other claims of every kind and character. The named appellants perfected an appeal to this court, claiming error was committed because the great weight and preponderance of the evidence does not support the trial court's judgment, challenging some of the findings and conclusions filed by the trial court at the request of appellants, and complaining about the failure of the trial court to make certain designated findings. The record does not reflect any request made by appellants for the additional designated or amended findings, for which reason appellants should not now be heard to complain about such matters. Rules 298 and 299, Texas Rules of Civil Procedure. However, the matters com-

plained about are not material since they raise questions that are inconsistent with the trial court's findings and conclusions duly filed.

It was agreed by stipulation that the common source of title was Eric P. Swenson. Swenson conveyed the land to Lee W. Bilberry but retained vendor's lien to secure payment of notes given for a part, at least, of the purchase price. Bilberry thereafter conveyed the land to T. H. Tallant, who assumed payment of the Bilberry notes given to Swenson. Tallant thereafter gave a mineral lease to A. T. Reed, E. C. Edmonds and N. E. Porter. Swenson transferred to American National Life Insurance Company the vendor's lien against the land, together with all title, rights, equities and superior liens. It was also agreed that the mineral interest was severed from the land. It appears, however, that the mineral interest was conveyed at a time when the land was incumbered by the vendor's lien mentioned and therefore such interest was subject to the paramount rights and claims of the vendor. Any subsequent transfer of the mineral interest would be subject to the vendor's lien. The original vendor and his successors retained a lien on the land including the minerals and never released the lien thereon. With this condition existing, it appears that both the land and the mineral rights were separately conveyed or assigned until there was a default in the payment of the original Bilberry vendor's lien notes and a foreclosure sale was had and the said notes were satisfied, after which appellees became subsequent purchasers of the land. Whatever interest appellants herein and the other defendants who disclaimed in the suit may have had as subsequent holders under the mineral lease given by Tallant at a time when the land, including minerals, was incumbered by the vendor's lien which was later regularly foreclosed, was extinguished as a result of the foreclosure sale which satisfied the vendor's lien notes. Such a vendor is protected whether or not the vendor's lien is mentioned in the mineral deed. Texas Land & Mortgage Co. v. Cohen, 138 Tex. 464, 159 S.W.2d 859. In the case cited, there was a deed of trust but the rule would be the same where a vendor's lien had been retained to secure payment of the notes. A vendor's lien is a high type lien that is superior until satisfied or released. Jenkins v. Conn, Tex.Civ.App., 256 S.W.2d 221 (writ refused); Havis v. Thorne Investment Co., Tex.Civ.App., 46 S.W.2d 329. In the case at bar, the notes evidencing the original debt had not been cancelled or released. They had been assigned and apparently specifically renewed with lien extended but continued in force and were outstanding at the time the minerals were conveyed and at the time of the foreclosure sale. The assignee stood in the same position as the assignor and was entitled to the same protection, and such is true whether he caused the foreclosure sale or not.

Appellants have criticized the basic form of appellees' suit and have challenged the facts in support thereof, but we find no fault with such. The suit seems to be in statutory form as authorized by Rules 783–809 of the Texas Rules of Civil Procedure and approved by the court in Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 770, 145 S.W.2d 569. The court there held that, "The action of trespass to try title embraces all character of litigation that affects the title to real estate", and cited many authorities in support thereof.

Predicated upon the evidence to be heard, appellees filed, as the record reflects, an abstract of title upon which they based their claim to the land, both the surface and the mineral. The trial court heard the evidence, took the matter under consideration for several months before rendering judgment and presumably gave careful consideration to the record before filing its findings of fact and conclusions of law soon after rendering judgment. It found and concluded that appellees were entitled to the relief prayed for. A careful examination of the record reveals that the trial court's findings made in support of its judgment are justified and we find no fault with its conclusions reached. Appellants' points to the contrary are all therefore overruled and the judgment of the trial court is affirmed.