**J. F. TUCKER, Appellant,**

v.

**Jack T. MENEFEE, Appellee.**

**No. 3353.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 7, 1958.

Rehearing Denied Feb. 28, 1958.

Turner & Seaberry, Eastland, for appellant.

Allen D. Dabney, Sr., Eastland, for appellee.

WALTER, Justice.

This is a trespass to try title suit brought by Jack T. Menefee against J. F. Tucker for past due rents and title and possession of lot number 9 and the north one-half of lot number 8, block number 20 in the town of Carbon. Tucker filed a disclaimer to a portion of the property, a general denial, a plea of not guilty and a cross action for improvements.

The case was tried before the court without a jury. A judgment was rendered that Menefee recover $223.41 from Tucker and that Tucker vacate the premises within 30 days from the date of the judgment. Tucker has appealed.

The points upon which the appellant predicates his appeal are substantially as follows: the error of the court (1) in failing to render judgment that appellee take nothing; (2) in rendering judgment for appellee when he was not entitled to possession; (3) in awarding appellee rents; (4) in failing to allow the appellant more damages; (5) in rendering judgment that appellee was entitled to a writ of possession; (6) it is the appellant's further contention that the evidence is insufficient to support the judgment.

No findings of fact or conclusions of law were requested, or filed by the trial court. It is said by our Supreme Court in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114:

"No findings of facts or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex. Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

Appellant's first point is directed to the action of the court in failing to enter a "take nothing" judgment. This point is overruled because the undisputed evidence shows that appellee is the owner of the

property and there is no evidence that appellant owns or is claiming the property. If we sustained this point, it would be an adjudication that the title to the property involved is in appellant. Our Supreme Court in Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 496, 107 S.W.2d 564, 111 A.L.R. 1152, has said:

"The doctrine has been thoroughly settled by repeated decisions of the courts of this state, that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant."

■ Appellant contends that the evidence is insufficient to support the judgment because it was not shown that appellee was entitled to possession. Of course, this was one of the issues to be decided by the court from the evidence. He cites the case of Hensley v. Conway, 29 S.W.2d 416, 417, by this court as one of his authorities in support of his contention. Judge Funderburk, speaking for the court, said:

"The appeal therefore presents for decision the sole question of whether or not the one-third of the 1/120 undivided interest which Mrs. C. L. Hensley owned as a remainderman; subject to the life estate of her mother, who was still living, was also barred by limitation.

"We have reached the conclusion that this interest was not barred. The statutes of limitation as to an interest in land, which one owns as a remainderman, subject to a life estate in another, do not begin to run in favor of one in possession until the death of the life tenant."

"Right of possession being an essential of a cause of action in trespass to try title, such cause of action, it seems to us, cannot accrue within the foregoing definition of accrual, until the life estate in some manner terminates."

From a reading of the above, it is apparent the case is not in point with the case at bar, which record reveals that appellee owns the property and rented it to appellant on a basis which amounted to a tenancy at will.

When asked whether he had ever told the appellant to get out, the appellee answered, "No, sir. Not until I sent Mr. Dabney down there in '56." When asked on direct examination if he knew that Mr. Menefee had filed a trespass to try title suit against him to recover possession of the building, appellant said, "That is right." Appellee filed his suit on October 5, 1956, but it was not tried until May 1, 1957. In the case of Wildscheutz v. Lee, Tex.Civ. App., 281 S.W. 1105, 1106, the court said:

"Regardless of what may have gone before, the notice to vacate given appellee by the filing of this suit on September 1, 1925, was sufficient to terminate the lease at the end of the crop year, November 1st, and the facts being clear, full, and definite, the trial court should have directed a verdict for appellant."

In view of the foregoing, we are unable to hold that the judgment is without substantial support in the evidence or that it is against such overwhelming preponderance of the evidence as to be manifestly wrong or that it is unsupported except by conjecture and surmise.

■ Appellant complains of the action of the court in rendering judgment against him for rents. One is permitted to sue for rents in trespass to try title cases. Texas Rules of Civil Procedure rule 783. The judgment for rents is supported by sufficient pleadings and evidence.

■ Appellant's point that the court erred in failing to allow him his full damages is without merit. Appellant in his brief says, "The court should adjust the equities among the parties, attempting to

treat each party fairly * * *." It is elementary that in a case such as this the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony and may believe all, none or any part of the testimony of any witness. We hold that the trial court was confronted with a difficult task in deciding the fact issues presented, and that his judgment is supported by the evidence.

■■ Appellant complains of the action of the court in entering judgment that a writ of possession issue in favor of the appellee and further asserts that the judgment is insufficient. A tenant is in no position to dispute the title of his landlord. It is said by our Supreme Court in the case of Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410, 417, "The tenant will not be permitted to show in defense that the landlord had no title." The court found for the appellee on the issue of possession. It was, therefore, proper for him to provide in the judgment that a writ of possession issue in favor of appellee. The judgment of the trial court is affirmed.