Ruth Jean HULL, Appellant,

v.

Rayford Lee HULL et al., Appellees.

No. 13560.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1960.

Rehearing Denied March 16, 1960.

Webb, Schulz & Stokes, San Angelo, James F. Gruben, Abilene, for appellant.

J. W. Elliott, Sonora, for appellees.

BARROW, Justice.

This is an appeal from a judgment in consolidated causes Nos. 1232, 1245 and 1246, 112th District Court of Sutton County, in which the appellant, Ruth Jean Hull, presented a motion to set aside the decree declaring her child, Cathy Jo Hull, a neglected and dependent child, and a motion

to set aside the judgment, theretofore rendered, granting the petition of Joe Hull and Mary Lee Hull to adopt said child, and also presented her cross-action for divorce against appellee, Rayford Lee Hull, and for custody of the children of said marriage, Cathy Jo Hull and Peggy Jean Hull. The trial of these consolidated causes was to the court, and judgment was rendered refusing to vacate the dependency judgment, refusing to vacate the adoption judgment, and granting appellant a divorce on her cross-action in the suit against Rayford Lee Hull, and granting her the custody of the child Peggy Jean Hull. Ruth Jean Hull has appealed from the judgment, but no complaint is made by either party concerning the granting of the divorce or the custody of the child Peggy Jean Hull.

The evidence shows that the married life of Ruth Jean Hull and Rayford Lee Hull was a continuous succession of separations and reconciliations, brought about by his drinking, non-support and physical and verbal abuse of his wife, until their final separation and her suit for divorce in May, 1958. Following each separation, the reconciliations were the result of entreaties and promises on the part of Rayford Lee Hull to do better in the future. The record further shows that about the month of January, 1958, after one of the several separations, they decided to make another try and would go to San Angelo, Texas, to make a home, where they would both seek employment, temporarily, to provide for their home. In that connection, they agreed to permit the child, Cathy Jo, to visit with the paternal grandparents, Joe and Mary Lee Hull. About the month of May, 1958, Ruth Jean Hull and Rayford Lee Hull again separated, and on May 10, 1958, appellant filed suit in the District Court of Tom Green County, seeking a divorce and custody of the child, Cathy Jo Hull.

Following the filing of the divorce suit, appellee Mary Lee Hull on July 28, 1958, filed her petition alleging Cathy Jo Hull to be dependent and neglected, in that "said child is abandoned and does not have the proper parental care." The child's father, Rayford Lee Hull, who at the time lived in the home of his parents, where the child was and had been for some six months, joined in the petition and requested that the child be declared dependent and neglected. It is obvious that this was done to avoid the necessity of giving notice of the proceeding to the mother of the child. It is undisputed that Rayford Lee Hull and Mrs. Mary Lee Hull knew at the time where the child's mother was.

The testimony shows that in March, 1959, a temporary hearing of some kind was held in San Angelo, in appellant's suit for divorce and custody of the child. The exact nature of the hearing is not shown. At this hearing Rayford Lee Hull, Joe Hull and Mary Lee Hull, all testified. Immediately after that hearing, on March 30, 1959, Joe Hull and Mary Lee Hull filed a petition to adopt the child, Cathy Jo Hull, and on the same day Rayford Lee Hull filed suit for divorce, and alleged that there had been born of said marriage one child, Cathy Jo, and that the child had been declared dependent and neglected on August 1, 1958. Following service of citation thereon, appellant filed her original answer. Thereafter, on May 10, 1959, judgment was rendered granting the adoption of said child by Joe Hull and Mary Lee Hull. On June 2, 1959, appellant filed her amended answer and cross-action alleging that two children had been born of the marriage, Cathy Jo and a baby girl named Peggy Jean, born October 27, 1958. The evidence shows that all of appellees knew of this second child a long time before its birth.

The trial court made no express findings with reference to the denial of appellant's motions to set aside the former decrees, and made no disposition of appellant's plea for custody of the subject child, Cathy Jo Hull.

The decision of this appeal presents but one question: Was the child, Cathy Jo Hull, a dependent and neglected child at

the time of the filing of the proceeding to have her so declared? Or, more precisely stated, Was she abandoned by appellant, Ruth Jean Hull, or was she without proper parental care, so far as appellant is concerned? That question must be answered in the negative.

The record shows that when the child was turned over to Joe and Mary Lee Hull, in January, 1958, it was well understood by all parties that the arrangement was only temporary. The record also shows that the mother made repeated but unsuccessful efforts to regain possession of her child, and that the child was kept from her by force and threats. The only testimony that would in any way contradict those facts, was that of Rayford Lee Hull, wherein he said, "she let me have her too easy, * * * she never did try to come and get her very hard," and that of Mrs. Mary Lee Hull, wherein she said, "That woman doesn't want the child." The mother testified that she made several trips to Sonora in an attempt to recover the child, and also wrote letters to appellees for that purpose. This testimony was not specifically denied.

■■ We come now to the question of whether or not the child was neglected. Rayford Lee Hull, on cross-examination, testified as to Ruth Jean Hull's care of the child. He said, when he was around she always loved, cared for, fed and kept the baby clean. It is apparent from the record that the court's implied finding that the child was a dependent and neglected child is without support in the record. Moreover, at the time Mary Lee Hull filed her petition charging that the child was dependent and neglected, it had been in the physical custody of the petitioner for at least six months. The child must in fact be dependent and neglected at the time the proceedings are instituted, or in danger of so becoming in the near future. Pettit v. Engelking, Tex.Civ.App., 260 S.W.2d 613. The child may not be declared dependent and neglected for the sole purpose of fa-

cilitating adoption proceedings, or to better the petitioner's position in a dispute over custody of the child. The legislation authorizing such proceeding is applicable to emergency situations where the child's needs must be met. Pettit v. Engelking, supra. Art. 2332, Vernon's Ann.Civ.Stats., authorizes the proceedings without notice to the natural parents where they are out of the county. However, it is well settled that where the parents are without notice of the proceeding they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed to authorize the entry of the judgment of dependency. De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687.

■■ By their second counter-point, appellees contend that "the Court did not err in refusing to set aside the dependent and neglected judgment and adoption judgment and thereby impliedly found that the best interests of the child would be served by leaving the child with the adoptive parents." We overrule that contention for several reasons. First of all, the court's action does not necessarily embody such finding. The sole issue was whether the child was in fact dependent and neglected. The court is not authorized to declare a child dependent and neglected and take it away from the natural parents upon finding that some other person is better able to rear the child. Pettit v. Engelking, supra. Secondly, the court's judgment did not award the custody of the child to the adoptive parents. Thirdly, since the dependency judgment must fall, because it is not supported by evidence, then the adoption must also fall, because there was no notice, waiver or consent by the mother of this child. Art. 46a, Vernon's Ann.Civ.Stats. § 6. Lastly, the only expression in the judgment with reference to the fitness or qualification of any person to have custody of either child, was that part of the judgment wherein the court granted appellant a divorce from Rayford Lee Hull, and expressly found that appellant, "Ruth Jean Hull is the proper person to have the care, custody and control of

the minor female child Peggy Jean Hull." We think it would present a ridiculous paradox to say that a mother is a fit and proper person to have custody of and to rear her little girl, approximately nine months old, but at the same time is unfit to rear the other girl, approximately three and one-half years old.

■ Since the early case of State ex rel. Wood, v. Deaton, 93 Tex. 243, 54 S.W. 901, it has been the consistent holding of the Courts of this State that the natural parents have a paramount right to the custody of their children, unless a positive disqualification has been shown.

■ Rayford Lee Hull admits that he is not a fit and proper person to have custody of the child. The evidence in the record supports that conclusion. Mrs. Mary Lee Hull, by reason of an unfortunate affliction, is not a suitable person to have such custody. Rayford Lee Hull, his father and mother, and his child, Cathy Jo, are the occupants of the Hull home. A judgment leaving Cathy Jo in said home is tantamount to awarding her to Rayford Lee Hull. On the other hand, appellant's father is and has been, for the past eleven years, employed by an oil company and earns $350 per month. Appellant's mother is a registered nurse and earns $250 per month. They reside at Iraan, Texas, and are shown to be "good, church-going people." They are willing and propose to help appellant care for the children. It is apparent from the record that the trial court in making no disposition of Cathy Jo Hull, treated the dependency and adoption judgments as accomplished facts. We hold that the dependency and adoption judgments must be set aside, and that, from the record before us, it appears that it would be to the best interest and welfare of the child, Cathy Jo Hull, to award her to appellant, Ruth Jean Hull. Therefore, that part of the judgment which granted a divorce to appellant, Ruth Jean Hull, from Rayford Lee Hull, and awarded the custody of the minor child, Peggy Jean Hull, to her, be

and the same is affirmed. But that part of the judgment which refused to set aside the dependency judgment and the adoption judgment, is reversed and judgment here rendered setting aside both said judgments and holding them and each of them for nought. Judgment is also rendered awarding custody of the child, Cathy Jo Hull, to appellant, Ruth Jean Hull. It is further ordered that said minor child, Cathy Jo Hull, be delivered to her mother, Ruth Jean Hull.