Franklin C. MORING, Appellant,

v.

Ira DODD, Jr., Appellee.

No. 7368.

Court of Civil Appeals of Texas.

Amarillo.

June 8, 1964.

Rehearing Denied June 29, 1964.

Clayton, Martin & Harris, Amarillo, for appellant.

Ochsner & Nobles, Amarillo, for appellee.

CHAPMAN, Justice.

The subject matter of this suit constitutes an appeal by Franklin C. Moring, natural father of the two minor children involved from a judgment of the Court of Domestic Relations of Potter County awarding appellee, Ira Dodd, Jr., the husband of the mother of said children, a judgment of adoption.

The first point questions the jurisdiction of the court for failure of the plead-

ings to specify statutory exceptions eliminating the necessity for the consent of appellant to the adoption. The point is without merit.

■ No exceptions were leveled at the pleadings. Appellant was personally served with citation, appeared in court with his attorney of record, and announced ready for trial. Additionally, both grounds of exceptions to the requirement of consent of the natural father under Article 46a, Sec. 6 of Vernon's Tex.Civ.St. were alleged with sufficient particularity absent special exceptions. Rule 90, Vernon's Ann.Tex.Rules; Weisenberger v. Lone Star Gas Co., Tex. Civ.App.1953, 257 S.W.2d 331. It was sufficient to show that he had failed to contribute to the support of the children commensurate with his ability to do so for two years, without showing he had abandoned the children. Patella v. Jones, Tex. Civ.App.1957, 303 S.W.2d 490.

■ Point two contends that the judgment was unauthorized because appellee did not allege the natural father "failed to support his children for a period of two years commensurate with his financial ability." He alleged such parent was employed as a high school teacher in Portageville, Missouri, that in the divorce decree he was required to contribute $40 per month to each child and that for more than two years he had contributed nothing. Such pleadings would certainly be sufficient to allege he did not contribute commensurate with his financial ability in the absence of a special exception. No such exception is shown in the record.

Points three through seven have to do with the abandonment exception in Article 46a, Sec. 6 V.A.C.S. In view of our holding on the other exception it is unnecessary to write on these points since pleading and proof of either of the exceptions is sufficient reason for not requiring the consent of the natural father. Patella v. Jones, supra.

■ Point eight contends the judgment is void because it was rendered without the written consent of the judge of the juvenile court of the county of the children's residence sought to be adopted. The Court of Domestic Relations in Potter County is also given all jurisdiction placed in the district and county courts under the juvenile-child welfare laws of the State of Texas. Article 2338–3 V.T.C.S. Judge Periman of the Court of Domestic Relations of Potter County signed a consent to the adoption and also tried the adoption case. The children sought to be adopted reside in Potter County, so the point is clearly without merit.

■■ Point nine contends the mother of the children suggested that their father cease contributing to their support; therefore, the court improperly found he did not contribute commensurate with his ability during the two-year period. The court in his Findings of Fact found no contribution since December 1960, more than two years before the filing of the adoption petition. The evidence is sufficient to support such finding. The court found that the plaintiff did not enter into any agreement with defendant whereby child support payments would no longer be paid for the support of such minor children and that appellant never made any attempt to modify or change the original support order made by the court granting divorce and custody of the children. Additionally, there is no record of appellant having objected to such findings or having made request for further findings. In such absence his point based on such findings by the trial court is without merit. Rule 298 V.A.T.R.; McKinney v. White, Tex.Civ.App.1954, 278 S.W.2d 553 (writ granted on other grounds). Furthermore, the testimony in the case was such that the court could have interpreted it in accordance with such findings.

■ The last point urges error of the court in failing to accord appellant his legal right as a natural parent.

"Since the early case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, it has been the consistent holding of the

Courts of this State that the natural parents have a paramount right to the custody of their children, *unless a positive disqualification has been shown.*" Hull v. Hull, Tex. Civ.App.1960, 332 S.W.2d 758. (Italics added). In the instant case a positive disqualification was found by the trial court. As we have heretofore suggested, the evidence is sufficient to support such finding.

Accordingly, the judgment of the trial court is affirmed.