**James R. GILLEY, Appellant,**

**v.**

**Harry M. ANTHONY, Appellee.**

**No. 16716.**

Court of Civil Appeals of Texas.

Dallas.

May 20, 1966.

Abney & Burleson, Phil Burleson, Dallas, for appellant.

G. H. Kelsoe, Jr., Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a judgment of the Juvenile Court of Dallas County, Texas denying appellant's petition to adopt a minor child, the daughter of appellant's wife by a former marriage to appellee. The only petition appearing in this record is styled, "First Amended Petition for Adoption" and was filed May 27, 1965, in which appellant Gilley alleges that he is lawfully married to the natural mother of the child sought

to be adopted and that such mother joins him in the petition. He further alleged:

"Petitioner would further show that the natural father of the child sought to be adopted, Harry M. Anthony, has not contributed substantially to the support of Aven Lee Anthony for a period in excess of two (2) years, nor has he contributed commensurate with his financial ability during that period."

Appellee, the natural father, did not consent to such adoption but filed an answer contesting same in which he affirmatively denies that he failed to contribute to the support of his child. He alleges that he attempted and made every effort to pay support to the child but that such payments were refused by his former wife and that such child support payment checks were returned uncashed. He further alleged that the refusal on the part of the natural mother to accept the child support payments was an effort on her part to bring about the adoption which would constitute and be a fraud upon the natural father.

Following the hearing of a substantial amount of testimony from both parties the Juvenile judge denied the petition for adoption. No requests were made for findings of fact and conclusions of law and none were filed.

Appellant's primary point of error is that there was no evidence, or insufficient evidence, to justify the court's action in rendering judgment denying his petition for adoption. In support of this point appellant argues that the evidence is conclusive that appellee, the natural father, did not contribute substantially to the support of the child during the two-year period prior to the filing of the petition for adoption and therefore his written consent to the adoption was not necessary by virtue of Art. 46a, Vernon's Ann.Civ.St., Section 6. This provision of the statute expressly provides:

"Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; * * *."

A determination of appellant's primary point has required us to carefully examine the entire statement of facts in this case. We have done so in the light of well established rules of law.

 Since no findings of fact or conclusions of law were requested of or filed by the trial judge his judgment necessarily implies all necessary fact findings in support of the same. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto it is proper for us to consider only that evidence most favorable to the issue and disregard entirely that which is opposed to it or contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Tucker v. Menefee, Tex.Civ.App., 310 S.W.2d 597; Beaird v. Beaird, Tex.Civ.App., 380 S.W.2d 730; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255; City of Abilene v. Meek, Civ.App., 311 S.W.2d 654, 656 (wr. ref.).

 Any doubt as to the construction of the law arising out of the equity of the situation will be resolved in favor of the prevailing party. Smith v. Tipps, Tex.Com.App., 229 S.W. 307; Shaw v.

First State Bank, Tex.Civ.App., 13 S.W.2d 133.

We must also consider the question of strict construction of the adoption statutes. We think the correct rule was stated by Mr. Justice Young of this court in Stinson v. Rasco, Tex.Civ.App., 316 S.W.2d 900, in which he said:

"While adoption statutes are to be liberally construed in favor of minors in order to effectuate their beneficial purpose, Woodall v. Schmudlach, Tex.Civ. App., 299 S.W.2d 780, the rule of strict construction applies in favor of a nonconsenting parent. Jones v. Willson, Tex.Civ.App., 285 S.W.2d 877. Especially so 'in those cases where it is claimed that owing to misconduct his consent to the adoption is not required. Every intendment should be made in such case in favor of the parent's claim; and where the statute is open to construction and interpretation, it should be construed in support of the parent's natural rights.' 1 Am.Jur. pp. 626, 627."

■ Appellee, the natural father of the child, testified that the child in question, Aven Lee Anthony, was born July 13, 1960; that he and his wife, the natural mother of the child, were divorced in Las Vegas, Nevada, in March 1961. In the decree from the Nevada court the natural mother was given custody of the child but no provision was made for the payment of child support by appellee. It was stipulated that the complaint for divorce in Nevada made no request for child support payments. However, immediately after the divorce was granted he started sending approximately $30 a month as child support payments, such payments apparently being received by the mother until December 1961. In the meantime the natural mother married James R. Gilley, appellant. Appellee testified that in December 1961 he visited Aven Lee in the Gilley apartment. Mrs. Gilley told him that she did not want to accept any more payments from him. An argument followed, during which Mrs.

Gilley slammed the door in his face. The next day he again asked Mrs. Gilley to reconsider her refusal to accept checks from him whereupon she told him to "quit sending those checks. If you don't, I am going to turn Aven against you. I am going to tell Aven what kind of a father you really were." He said that he discontinued making payments following this statement for fear that his former wife would carry out her threat. He testified that although he made no regular payments of child support he did, during 1962, '63, and '64 send Aven Lee several United States Savings Bonds, the total amount of which being $206.95. In addition thereto he gave Aven Lee $100 in cash, $160 worth of gifts and some Christmas presents. He also said that he held two shares of stock in Dow Chemical Company as custodian for Aven Lee and that he had a policy of insurance on his life for $10,000, with his mother and Aven Lee as beneficiaries. He stated that he was able to have paid more in each of the years 1962, '63 and '64 but that he did not make these payments because he did not wish to jeopardize the relationship he had with the Gilleys and with his daughter which he thought would be best for his child.

Carelgene Gilley, natural mother of the child, testified that she did not threaten to turn the child against appellee, as he had testified, and that she had never refused to accept checks from him; that when appellee visited the child he would cause her to become upset; that he had stated that the reason he did not make child support payments was because he could not afford to pay them.

■ It is obvious from this record that there was some evidence to support the trial court's implied findings in support of his judgment denying the petition for adoption. Nor can we say that the evidence is contrary to the great weight and preponderance of the testimony which would justify our setting aside the court's decree. It is not for us to substitute our judgment

for that of the trial judge who had an opportunity to see and hear the witnesses and to weigh their testimony.

■ The trial judge elected to accept the testimony of the natural father to the effect that he had been ready, able and willing to make child support payments during the time involved in the adoption statutes but that due to the action and conduct of the natural mother he refrained from doing so. It is axiomatic that the law does not require one to do a useless or futile thing. If the natural father thought and believed, as the trial court found based upon his testimony, that it would be a fruitless thing for him to make child support payments; that they would not be accepted by the natural mother; and that if such were offered she would make an effort to turn the child against him, such conduct on his part could very well, especially in the light of the liberal construction rules cited above, excuse his failure for making such payments.

In Moring v. Dodd, Tex.Civ.App., 380 S.W.2d 777, a contention was advanced concerning an agreement between the father and mother whereby child support payments would no longer be paid for the support of the minor child. In that case the trial court specifically found in his findings of fact that such agreement was not made. On appeal the court sustained such finding as being based upon adequate testimony. In the instant appeal we find the testimony conflicting but sufficient to support the implied finding of the trial court.

Appellant's first point is overruled.

■ By his second point appellant complains of the trial court's refusal to admit into evidence a power of attorney allegedly signed by appellee in connection with the divorce decree in Nevada. We have carefully examined this point and find the same to be lacking in merit. Even assuming the materiality of the tendered document appellant has not demonstrated to us that the trial court's failure to admit same

in evidence resulted in the rendition of an improper judgment. Rule 434, Vernon's Texas Rules of Civil Procedure.

■ By his third point on appeal appellant contends that the trial court erred in failing to grant his motion for new trial based upon newly discovered evidence relating to certain bank accounts and accounts in savings and loan institutions in California.

In his unverified amended motion for new trial appellant alleges that appellee had made false and misleading answers to certain interrogatories propounded to him concerning his financial status in California.

Attached to appellant's brief, but apparently not a part of the record in this case, is found a copy of answers to a deposition propounded to a witness in California who apparently is employed by a savings and loan company in California. The answers to the interrogatories relate to two trust accounts in such institution, one held by appellee in trust and the other by his mother in trust. Having carefully examined the record we find no merit in appellant's third point. This for the reason that the rules established by our Supreme Court relating to newly discovered evidence in motions for new trial have not been complied with by appellant. In New Amsterdam Casualty Co. v. Jordan, S.Ct., 359 S.W.2d 864, the Supreme Court set forth the following elements as being necessary in order to grant a new trial based upon newly discovered evidence: (a) that admissible relevant evidence was introduced on the hearing for new trial demonstrating the existence of newly discovered evidence relied upon; (b) that there was no knowledge of such evidence until after the conclusion of the trial and that such evidence could not have been discovered prior to the trial with the exercise of due diligence; (c) that such evidence was not cumulative or to be used for impeachment; and (d) that such evidence would probably produce a different result if a new trial were granted.

Absent compliance with these rules the trial court was justified in overruling the motion for a new trial. Moreover, in view of what we have said in connection with appellant's point one we do not feel that the "newly discovered evidence" would be material or would result in the rendition of a different judgment had it been produced at the trial.

The judgment of the trial court is

Affirmed.