**Eddie DeWayne CONDER et ux., Appellants,**

**v.**

**Larry HELVEY, Appellee.**

**No. 16940.**

Court of Civil Appeals of Texas.

Fort Worth.

June 28, 1968.

Thornton & Thornton, and R. E. Thornton, Olney, for appellants.

Donald & Connell, and Jack Connell, Bowie, for appellee.

## OPINION

MASSEY, Chief Justice.

Adoption case.

The appeal is by those who petitioned for decree of adoption, the trial court having denied application therefor and rendered judgment to that effect.

■ No findings of fact or conclusions of law were requested or filed. It is therefore to be presumed that one reason for the trial court's disallowance of adoption was the judge's opinion that to grant such would not be to the best interest of the child sought to be adopted.

Such circumstance could not be disregarded though we might consider correct the position of the appealing parties upon the law. We consider the theory upon which their argument is predicated as inapplicable. It would have had application had the adoption been granted, but adoption was denied.

The sole point of error presented reads as follows: "The trial court erred in denying the adoption of Dianna Sue Helvey by Eddie DeWayne Conder and wife, Glenda Conder, and based upon the failure of the natural father to give consent for such adoption. All of the evidence revealed that the natural father of said minor child, being the Appellee herein, had failed to contribute to the support of said minor child for a period of more than two years, commensurate with his ability to so contribute to such support."

■ Vernon's Ann.Tex.St., Art. 46a, Sec. 6, provides in part that in instances where a living parent has not contributed substantially to the support of his child for a period of two years, it is not necessary to obtain his written consent that his child be adopted by another, but that the "adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of the child's residence." We construe the language of the article as "permitting", not as "compelling" adoption under the circumstances mentioned.

In the instant case the records reflect the consent of the County Judge, there being no Juvenile Court in the county.

■ We have been cited to no case nor do we know of one in which the trial court's refusal to order adoption of any minor child has been reversed on appeal. We are not disposed to say that it would never be proper for an appellate court to reverse such a judgment. However, in a case where it is to be presumed that the trial court factually concluded that to decree adoption would not be to the best interest of the prospective

adoptive child its decree in denial would be left undisturbed. Such is the nature of the instant case.

Two cases wherein appeals were taken from judgments denying adoption are: Newton v. Paslay, 307 S.W.2d 305 (Dallas Civ.App., 1957, no writ hist.) and Gilley v. Anthony, 404 S.W.2d 60 (Dallas Civ.App., 1966, no writ hist.). In both the judgments of the trial court were affirmed. In both cases the Dallas court discussed the state of the evidence relative to a two year failure of contribution substantial to the support of the child sought to be adopted by a living parent, or excuse for failure in such respect. If it be deemed of consequence we hold that a similar test of the evidence in the record before us has resulted in a decision that judgment is supported thereby.

Judgment is affirmed.