NO. 07-05-0165-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 18, 2006
_____

IN RE ONE MAN'S ROLEX WATCH YELLOW GOLD,
ONE YELLOW GOLD BRACELET, and ONE YELLOW GOLD MAN'S RING
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,912-B; HON. JOHN BOARD, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J. and REAVIS and CAMPBELL, JJ.

Omar Mendoza appeals from a post-answer default judgment forfeiting his interest in a Rolex watch, gold bracelet, and gold ring. The forfeiture occurred under the auspices of Chapter 59 of the Code of Criminal Procedure. Mendoza contends that the default judgment should be reversed because he 1) was afforded no notice or was denied sufficient notice of the trial and 2) was denied the ability to obtain a record of the forfeiture hearing since the proceeding was not memorialized. We address only the second issue for it is dispositive and, upon addressing it, reverse the judgment.

***Issue Two – No Recording of the Trial***

A forfeiture proceeding is civil in nature. Thus, the procedures to be followed are those applicable to other civil suits in general. TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (Vernon Supp. 2005) (stating that "[a]ll cases under this chapter shall proceed to trial in the

same manner as in other civil cases"). Furthermore, statute places upon the State the burden of proving, by a preponderance of the evidence, that the item being forfeited is subject to forfeiture. *Id.*

Next, authority holds that the failure to have a court reporter transcribe an evidentiary proceeding when the appellant and his counsel are absent from it constitutes reversible error. *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.–Houston [1st Dist.] 2004, no pet.); *Chase Bank of Texas, N.A. v. Harris County Water Control & Improv. Dist.*, 36 S.W.3d 654, 655-56 (Tex. App.–Houston [1st Dist.] 2000, no pet.); *see Rogers v. Rogers*, 561 S.W.2d 172, 173-74 (Tex. 1978) (holding that if an appellant "exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed can be preserved in no other way").

Here, the clerk's record discloses that the State sued to forfeit the property mentioned earlier. Mendoza was joined as a party and filed a verified answer denying his opponent's purported right to relief. When the proceeding ultimately came for trial, neither Mendoza nor his attorney of record was present. Thereafter, the trial court rendered the post-answer default judgment at issue. That the trial occurred on the designated date is undisputed, as is the fact that a court reporter transcribed neither the evidence presented nor the argument proffered at the hearing. These circumstances evince reversible error of the kind described in *Rogers*, *Sharif*, and *Chase Bank*.

Additionally, we reject the State's contention that no error arose because the trial court was able to grant judgment based solely on the State's pleadings. A post-answer default judgment may not be entered based solely on the pleadings; rather, the plaintiff

2

must offer evidence and prove his claim. *In re K.B.A.,* 145 S.W.3d 685, 690 (Tex. App.–Fort Worth 2004, no pet.); *Sharif v. Par Tech, Inc.,* 135 S.W.3d at 873. And, to the extent that the trial court insinuated in its judgment that it received evidence at the trial, the proceeding was evidentiary in nature and controlled by *Rogers*, *Sharif*, and *Chase Bank*.

We also reject the contention that *Rogers* and its progeny is not controlling because Mendoza failed to urge an issue on appeal questioning the sufficiency of the evidence. Without a record of the evidence, one can hardly claim with any semblance of authority that the evidence was insufficient. And, we opt not to require from Mendoza that which he cannot do (*i.e.* review the record and attack the sufficiency of the evidence) as a condition to preserving his complaint. *Gilley v. Anthony,* 404 S.W.2d 60, 64 (Tex. Civ. App.–Dallas 1966, no writ) (holding that the law will not require one to do the fruitless).

Accordingly, we sustain issue two, reverse the judgment, and remand the cause for new trial.


Brian Quinn
Chief Justice

3