**Opinion filed June 30, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00018-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## KELLY SOWELL, Appellee

**On Appeal from the 335th District Court**

**Lee County, Texas**

**Trial Court Cause No. 13823**

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal filed by the Texas Department of Public Safety from an order expunging all records related to the arrest of Kelly Sowell for the misdemeanor offense of possession of marihuana.  We affirm.

Pursuant to TEX. R. APP. P. 26.1(c) and 30, the DPS may prevail only if it meets the following requirements:

(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the

hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). Only the fourth requirement is at issue in this appeal.

In its sole issue on appeal, the DPS asserts: "Sowell was not entitled to an expunction of records related to her arrest because she served a term of deferred adjudication as a result of that arrest." Under this issue, the DPS argues that the evidence is legally insufficient to support the expunction. The record shows that Sowell filed a motion for expunction pursuant to TEX. CODE CRIM. PROC. ANN. ch. 55 (Vernon 2006 & Supp. 2010). The DPS filed an answer but did not appear at the hearing on Sowell's motion, participate in the hearing, or file any postjudgment motions or a request for findings of fact. The trial court's order tracks the language of Article 55.01 and indicates that Sowell met all the requirements for expunction.

We agree with the DPS that, pursuant to Article 55.01(a)(2)(B), Sowell would not be entitled to an expunction of her arrest records if she received court ordered community supervision. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572 (Tex. 1991). Attachments to the answer filed by the DPS indicate that Sowell did receive deferred adjudication and court ordered community supervision and would, therefore, not be entitled to an expunction.

However, this is a restricted appeal in which there is no reporter's record. The court reporter notified this court, and we in turn notified the parties, that there was no reporter's record made in this case. The DPS does not complain on appeal about the lack of a reporter's record. In a strikingly similar case involving a restricted appeal from an expunction, the San Antonio court stated, "Had TDPS complained of the lack of a record of the proceeding, there might have been error apparent on the face of the record. TDPS, however, chose to bring only sufficiency issues on appeal." *Tex. Dep't of Pub. Safety v. Cantu*, No. 04-01-00210-CV, 2002 WL 1021649 (Tex. App.—San Antonio May 22, 2002, no pet.) (not designated for publication) (citation omitted). Without a reporter's record, we are unable to determine whether or not error was

apparent on the face of the record, i.e., whether or not there was evidence presented that would support the expunction.[1]  Accordingly, we overrule the DPS's issue on appeal.

Because the DPS has not met all of the requirements of a restricted appeal, we affirm the order of the trial court.

PER CURIAM

June 30, 2011

Panel[2] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[1]We note that, because the DPS filed an answer, Sowell was required to present evidence in support of her expunction. We note also that the DPS timely requested a reporter's record and that, if the DPS had complained on appeal about the lack of a reporter's record, the outcome of this appeal would have been to reverse the trial court's order and remand for a new trial.  *See Smith v. Smith*, 544 S.W.2d 121 (Tex. 1976); *In re One Man's Rolex Watch Yellow Gold*, 223 S.W.3d 451 (Tex. App.—Amarillo 2006, no pet.); *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Chase Bank of Tex., N.A. v. Harris County Water Control & Improvement Dist.#109*, 36 S.W.3d 654, 655 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  In these four cases, the appellant complained of the lack of a reporter's record.

[2]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.