Opinion filed June 30,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00018-CV 

                                                    __________

 

             TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellant

 

                                                             V.

 

                                       KELLY
SOWELL, Appellee



 

                                   On
Appeal from the 335th District Court

 

                                                              Lee
County, Texas

 

                                                      Trial
Court Cause No. 13823

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is a restricted appeal filed by the Texas Department of Public Safety from an
order expunging all records related to the arrest of Kelly Sowell for the
misdemeanor offense of possession of marihuana.  We affirm. 

            Pursuant
to Tex. R. App. P. 26.1(c) and 30,
the DPS may prevail only if it meets the following requirements: 

(1) it filed notice
of the restricted appeal within six months after the judgment was signed; (2)
it was a party to the underlying lawsuit; (3) it did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
postjudgment motions or requests for findings of fact and conclusions of law;
and (4) error is apparent on the face of the record. 

 

Ins. Co. of the
State of Pa. v. Lejeune, 297 S.W.3d 254, 255 (Tex. 2009).  Only the fourth
requirement is at issue in this appeal. 

            In
its sole issue on appeal, the DPS asserts:  “Sowell was not entitled to an
expunction of records related to her arrest because she served a term of
deferred adjudication as a result of that arrest.”  Under this issue, the DPS
argues that the evidence is legally insufficient to support the expunction.  The
record shows that Sowell filed a motion for expunction pursuant to Tex. Code Crim. Proc. Ann. ch. 55
(Vernon 2006 & Supp. 2010).  The DPS filed an answer but did not appear at
the hearing on Sowell’s motion, participate in the hearing, or file any
postjudgment motions or a request for findings of fact.  The trial court’s
order tracks the language of Article 55.01 and indicates that Sowell met all
the requirements for expunction.  

            We
agree with the DPS that, pursuant to Article 55.01(a)(2)(B), Sowell would not
be entitled to an expunction of her arrest records if she received court
ordered community supervision.  See Harris County Dist. Attorney’s Office v.
J.T.S., 807 S.W.2d 572 (Tex. 1991).  Attachments to the answer filed by the
DPS indicate that Sowell did receive deferred adjudication and court ordered
community supervision and would, therefore, not be entitled to an expunction.

            However,
this is a restricted appeal in which there is no reporter’s record.  The court
reporter notified this court, and we in turn notified the parties, that there
was no reporter’s record made in this case.  The DPS does not complain on
appeal about the lack of a reporter’s record.  In a strikingly similar case
involving a restricted appeal from an expunction, the San Antonio court stated,
“Had TDPS complained of the lack of a record of the proceeding, there might
have been error apparent on the face of the record.  TDPS, however, chose to
bring only sufficiency issues on appeal.”  Tex. Dep’t of Pub. Safety v.
Cantu, No. 04-01-00210-CV, 2002 WL 1021649 (Tex. App.—San Antonio May 22,
2002, no pet.) (not designated for publication) (citation omitted).  Without a
reporter’s record, we are unable to determine whether or not error was apparent
on the face of the record, i.e., whether or not there was evidence presented
that would support the expunction.[1] 
Accordingly, we overrule the DPS’s issue on appeal.  

            Because
the DPS has not met all of the requirements of a restricted appeal, we affirm
the order of the trial court.  

 

                                                                                                PER
CURIAM

 

June 30, 2011

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]We note that, because the DPS filed an answer, Sowell
was required to present evidence in support of her expunction.  We note also
that the DPS timely requested a reporter’s record and that, if the DPS had
complained on appeal about the lack of a reporter’s record, the outcome of this
appeal would have been to reverse the trial court’s order and remand for a new
trial.  See Smith v. Smith, 544 S.W.2d 121 (Tex. 1976); In re One
Man’s Rolex Watch Yellow Gold, 223 S.W.3d 451 (Tex. App.—Amarillo 2006, no
pet.); Sharif v. Par Tech, Inc., 135 S.W.3d 869 (Tex. App.—Houston [1st
Dist.] 2004, no pet.); Chase Bank of Tex., N.A. v. Harris County Water
Control & Improvement Dist.#109, 36 S.W.3d 654, 655 (Tex. App.—Houston
[1st Dist.] 2000, no pet.).  In these four cases, the appellant complained of
the lack of a reporter’s record. 

 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.